GEORGE S. GREENO, APPELLANT, VS. H. A. WILSON, APPELLEE.

1. A change of venue in a civil action is not warranted under the provisions of section 112, p. 837, McClellan's Digest, upon a petition and affidavit stating "that the adverse party has been mayor of a city in the county where the suit is brought for three terms and has great influence over the inhabitants of such county," &c., unsupported by other proof or facts showing the existence of an undue influence.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion of the court.

*C. P. & J. C. Cooper* for Appellant.

*Victor D. L. Mudge* for Appellee.

TAYLOR, J. :

H. A. Wilson, appellee, as plaintiff in the court below on the 29th of April, 1887, instituted his action in assumpsit in the Circuit Court of St. Johns county,

Fourth Judicial Circuit, against the appellant, George
S. Greeno, as defendant in the court below, for the
recovery of $400 alleged to have been due to him by
Greeno, as commissions for services rendered by Wilson as real estate agent in selling a piece of real estate in the city of St. Augustine, in St. Johns county.

Summons *ad respondendum* was issued, and
served by the sheriff of St. Johns county, citing the
defendant to appear before the court in St. Johns
county on the rule day in November, 1887.

To the declaration the defendant pleaded the general issue, and upon this plea issue was formally
joined on the 31st of December, 1887.  On the 14th of
March, 1888, the plaintiff, Wilson, filed his petition
in the Circuit Court of St. Johns county for a change
of venue of said cause, which petition was as follows:

In the Circuit Court of Florida, 4th Judicial Circuit,
St. Johns County.

H. A. WILSON, }
    vs.      } Assumpsit.
GEORGE S. GREENO, }

*To the Hon. James M. Baker, Judge:*

The humble petition of Herbert A. Wilson, of the
city of St. Augustine, St. Johns county, Florida,
showeth as follows: That your petitioner is the
plaintiff in the above station; that the said action is
brought against the said George S. Greeno to recover
the sum of four hundred dollars, commission on sale
of some lands in the said city of St. Augustine, belonging at one time to the said George S. Creeno; that

the said defendant has filed his pleas disputing the said claim; that issue has been joined in the action, and that the said cause is now ready for trial; that the court for the trial of the said issue commences in the said city of St. Augustine upon the thirteenth day of March; that your petitioner fears he will not receive a fair trial in the said county of St. Johns, being the court where the said cause is now depending, on the ground that the said defendant has an undue influence over the minds of the inhabitants of the said county of St. Johns; that the cause of such fear is that the said defendant is now and has been for three terms mayor of the said city of St. Augustine, and has great influence over the minds of the inhabitants of the said city of St. Augustine, and of the county of St. Johns, and more especially over that class of men composing the jurymen of the said county. Your petitioner, therefore, prays that the venue in the said cause be changed from the county of St. Johns to the county of Duval, in the State of Florida, and that the said cause be set for trial at the next sitting of the Circuit Court in the said county of Duval; and your petitioner will ever pray, &c.

　　　　　　　　　　　　H. A. WILSON,
　　　　By his Attorney, George W. Lount.

On the same day, March 14th, 1888, the plaintiff, Wilson, filed in the clerk's office of St. Johns county the following affidavit to support said petition for change of venue:

STATE OF FLORIDA, ⎰
COUNTY OF ST. JOHNS. ⎰

Before the subscriber, a Notary Public in and for the State of Florida, St. Johns county, personally came Herbert A. Wilson, who being duly sworn says: That he is the plaintiff in an action against George S. Greeno, in assumpsit, in the Circuit Court of the Fourth Judciial Circuit, St. Johns county, Florida, to recover the sum of four hundred dollars, amount of commission which he claims to be due to him for the sale of certain lands in St. Augustine; that the said George S. Greeno has filed his pleas disputing the said claim, and that the said cause is now at issue and ready for trial; that the venue is laid in the said county of St. Johns; that the court for the trial of said issue will commence in the city of St. Augustine upon the thirteenth day of March instant; that he, the said plaintiff in said action, fears that he will not receive a fair trial in the court where the said cause is now depending on account that the said George S. Greeno has an undue influence over the minds of the inhabitants of the said county of St. Johns, being the county where the said suit is depending; that the cause of such fear is that the said George S. Greeno is now mayor of the said city of St. Augustine, and has been mayor of the said city for three terms, and that the said George S. Greeno has great influence in the said city of St. Augustine and in the said county of St. Johns, and over the class of people comprising the jurymen of the said county."

On the 14th of March, 1888, the following order was made by the judge presiding, chaging the venue in

said cause, to-wit: "And now comes the plaintiff, H. A. Wilson, who files his petition for change of venue, and the affidavit of the plaintiff, and upon reading the said petition and affidavit, and the pleadings and proceedings in this cause, and hearing what was alleged by counsel for all parties and it appearing to the court that the said plaintiff fears he will not receive a fair trial in the said county of St. Johns, being the court where the said cause is now depending, on the ground that the defendant, George S. Greeno, has an undue influence over the minds of the inhabitants of the said county of St. Johns, it is ordered that the venue in this cause be changed from the county of St. Johns to the county of Duval, in said Fourth Judicial Circuit, and that the clerk of this court do send forward to the clerk of said county of Duval by some fit person all the papers in this suit."

In May, 1888, the cause was tried in the Circuit Court of Duval county, which trial resulted in a verdict and judgment for the plaintiff. Motion for new trial was made and refused, and from this judgment the defendant, Greeno, appeals to this court.

The first error assigned raises the question of the propriety of the order changing the venue of the cause from St. Johns county to Duval county. The application for, and the order changing the venue, were predicated upon the provisions of sec. 112, p. 837, McClellan's Digest, which provides that "in all suits cognizable in the Circuit Courts, when either of the parties shall fear that he will not receive a fair

trial in the court where it is depending, on account of the judge of the court where the suit is depending being interested or prejudiced, or that the adverse party has an undue influence over the minds of the inhabitants of the county where the suit is depending, or that the petitioner is so odious that he cannot expect a fair trial, the said party may petition the judge of the court for a change of the venue of such cause, distinctly setting forth the cause of such fear and supported by his affidavit or affirmation, previous notice of such application and of the time and place of hearing the same being given to the adverse party or his attorney; on which petition the judge may under his hand award a change of venue," &c. The petition for this change of venue alleges that the petitioner "fears he will not receive a fair trial in St. Johns county, on the ground that the defendant has an undue influence over the minds of the inhabitants of said county;" the cause of such fear is alleged in the petition to be "that the said defendant is now and has been on three terms mayor of St. Augustine, and his great influence over the minds of the inhabitants of said city of St. Augustine and of the county of St. Johns, and more especially over that class of men composing the jurymen of the said county." The affidavit filed with the petition to support the same uses the same language quoted above from the petition as to the fears of the plaintiff of his inability to receive a fair trial in St. Johns county, and in this affidavit the plaintiff swears that the cause of such fear is "that

the said George S. Greeno is now mayor of the said city of St. Augustine, and has been mayor of the said city for three terms, and has great influence over the class of people comprising the jurymen of the county.'' So far as is shown by the record, and the' presumption is that the record discloses the true status of the happenings in the court below, this petition accompanied by this affidavit of the plaintiff, Wilson, unsupported by any other proof or facts, is all that was before the court when the order was made granting this change of venue. The conclusion, therefore is, that the change of venue was predicated solely and entirely upon the verified statement of the plaintiff himself, ''that he feared he could not receive a fair trial in St. Johns county because of the fact that his opponent in the suit was and had been mayor of a city in said county for three terms and had great influence with the inhabitants of said city and county, especially with that class comprising jurymen in said county.'' The established doctrine of the courts is not to disturb the provident exercise of a sound discretion in the courts below in the granting or refusing of applications for change of venue, it being a matter placed by the statute within the judicial discretion of the court, still, the exercise of such discretion is a subject of review by the appellate court, and it will interfere where there is a palpable abuse, or grossly improvident exercise of the discretion imposed. McNeally & Roulhac v. State, 17 Fla., 198. We think the record here presents such a case of the improvi

dent exercise of this discretion, as will properly call
for the interference of this court. It is the evident
purpose of the statute, in requiring previous notice of
the time and place of the hearing of the application
for the change of venue to be given to the adverse
party or his attorney, to give to the adverse party an
opportunity to resist and to defeat the application, if
he can, by disproving the facts and allegations ad-
duced by the applicant in its support, and to afford
the court full opportunity to investigate the merits of
the application; and if upon the trial of the issue be-
fore the judge he shall be "satisfied" from the *facts*
presented that there is substantial ground to support,
in the mind of a prudent man, a reasonoble fear that
he could not receive a fair and impartial trial in the
county, then it would be the duty of the court to
grant the application. Again, the statute requires
the "cause" of such fear to be *"distinctly"* set forth
in the petition and supported by the affidavit of the
applicant. The meaning of this provision of the stat-
ute is to require the applicant to show, first, that he
fears his inability to obtain a fair trial ; second, by
distinctly setting forth the cause of such fear, he is
required to present such substantial facts as would sat-
isfy a reasonable, prudent man that there is a sub-
stantial foundation for a reasonable fear that because
of the possession by the adverse party of an undue in-
fluence over the minds of the inhabitants of the county
where the suit is depending, the obtaining of a fair
and impartial trial could not be had in such county.

The facts to be shown as to the foundation or cause of such fear must be such, in a case like this, as would satisfy the court that the adverse party has, at least, such an influence over the minds of the inhabitants as would preclude a fair trial of the applicant's cause. The word "undue," in the sense in which it is used in the statute, signifying that the influence guarded against by the statute is such an influence as may bring about a wrongful and improper result. Facts must be presented in such an application, as the foundation or cause of such fear, not the speculative suppositions or conclusions of the applicant. Kennon v. Gilmer, 5 Mont., 257.

In People v. McCauley, 1 Cal., 383, the court states the rule to be that "affidavits for such a motion must state facts and circumstances from which the conclusion is deduced that a fair and impartial trial cannot be had. The conclusion is to be drawn by the court, and not by the applicant and his witnesses, and the court must be satisfied from the facts and circumstances positively sworn to in the affidavits, and not from the general conclusions to which the applicant may swear, or which his witnesses may depose that they verily *believe* to be true." And the Supreme Court of Ohio, in the Bank of Cleveland v. Ward, Smith et al., 11 Ohio, 129, says: "It is difficult to establish any general rule applicable to all cases of this kind; but it is, nevertheless, certain, that the defendants should not

be subjected to the vexation and expense of trying their case in a distant county, because the plaintiff, alone, entertains the opinion that justice cannot be administered at home." The sole foundation for the fear expressed by the applicant in this case is the fact that Greeno was the "mayor of St. Augustine," and had been such mayor for three terms, and had "great" influence with the inhabitants of the county. The petition and affidavit do not even comply with the literal requirements of the statute, neither of them affirmatively state that Greeno has an "undue" influence over the minds of the people, but allege only that he has "great" influence. It would be a very dangerous precedent to establish upon this provision of the law to say that any litigant in the courts was entitled to a change of venue simply because his opponent in the cause occupied some official position in the county where the suit was instituted, and had great influence with the people, and this, too, upon the dictum of the applicant alone unsupported by other proofs. We cannot give our sanction to the correctness of such a construction of the law. We, therefore, think that the order of the court below changing the venue of this cause from St. Johns to Duval county was improper and illegal, and that the Circuit Court of Duval county had no proper jurisdiction to try the same or to render the judgment appealed from. As this disposes effectually of the appeal it is unnecessary to notice any of the

other questions presented by the record and assigned as error. It is, therefore, ordered that the judgment of the Circuit Court of Duval county, appealed from in this cause, be reversed, and that a copy of the mandate of this court be forwarded by the clerk of Duval county, together with all the papers in said cause, to the clerk of the Circuit Court in and for St. Johns county, where such further proceedings shall be had therein as though no order for the change of venue of said cause had ever been made.