### TOWER v. EAGLE PENCIL CO.

(Circuit Court, S. D. New York. November 19, 1898.)

PATENTS—CORK SLEEVE FOR PENHOLDERS.

The Tower patent, No. 378,223, for a penholder with a cork sleeve for ease of the fingers, *held* valid, and infringed.

This was a suit in equity by Levi L. Tower against the Eagle Pencil Company for infringement of a patent.

Walter S. Logan, for plaintiff.

Marcellus Bailey, for defendant.

WHEELER, District Judge. The patent in suit is No. 378,223, dated February 21, 1888, and granted to the plaintiff for a penholder with a cork sleeve for ease of the fingers, fitting smoothly over a round tenon against a square shoulder on the lower end of the body of the holder, and strengthened by a metal tube on the end of the tenon inside the sleeve, with radial points turned outward from the end of the tube over the lower end of the sleeve, and with a slot in the end of the tenon permitting the sides to spring inwardly and admit the pen between one of them and the tube. The specification, referring by letters to the parts aptly shown in drawings, sets forth:

"In order that the sleeve, E, of cork may be protected from abrasion when inserting the pen, P, in position in the holder, I provide a metal re-enforce tube, H, which fits snugly upon the slotted tenon, B, and within the longitudinal opening formed through the said cork sleeve, E, and has its lower end portion formed into a series of radial points, L, which are turned outward over and upon the lower end of the cork sleeve, whereby the rigidity of the pen is secured within the cork sleeve, and the liability of its being broken is greatly diminished, as it is protected by the points, L.

"It will be seen and understood that by the construction of the penholder as above set forth I am enabled to employ a very thin sleeve of cork, and retain all of its desirable qualities, with little expense, as its exterior 'velvety surface,' which is so agreeable to the fingers, when held a long time in writing, and which had heretofore required an inconvenient size, and, on account of the brittleness of cork when made of a solid piece, rendered the same objectionable, as well as the increased cost of production. I fully overcome these and other defects by my present invention, which forms a cheap, simple, convenient, and durable penholder of superior quality. I am aware that

*Fig. 1*

*Fig. 2*

*Fig. 3*

solid cork penholders are old and well known, and that penholders have been constructed with hard-rubber sleeves, and also with elastic rubber sleeves and with metal tips. Therefore I do not claim cork, or any other material, but limit my invention to the novel construction of the thin cork sleeve re-enforced with a metal tube, and protected from abrasion at the ends, as set forth."

The claim is for—

"A penholder consisting of the body portion, A, provided with a tenon, B, having an annular socket or groove, D, provided with a cork sleeve, E, one end of which is fitted within the said groove, and its opposite end portion provided with a re-enforce metal tube, H, having a series of points, L, which contact with the end of the said sleeve, as shown, all being constructed and arranged substantially as described."

The limitations of the field of invention by prior things and patents are substantially well stated in the patent as shown by these extracts. Cork was not new, nor were sleeves of different material in softness or elasticity from the body of the holders; and, if this was a mere substitution of cork for rubber, there would be great difficulty in finding here any patentable invention, as there was in Hotchkiss v. Greenwood, 11 How. 248. But that does not seem to be exactly this case. Cork appears to be very desirable in this place; but, from its bulk in proportion to its strength, it was difficult to be had there in convenient size and shape. It could not be held in place, nor maintain itself,

as rubber would. The invention was of means to make the substitution. The body was to be contrived of convenient size, with the proper tenon and shoulder, for holding the cork sleeve, without having it too large, or in the way, at the upper end; and the metal tube with outward turning points, for protecting the sleeve at the lower end, and for holding the pen, was to be planned. This could not probably be accomplished by telling a good workman in penholders to do it. Creative thought and calculation seem to have been necessary, and to have been sufficiently involved in arranging the parts, although old, or of old material, to amount to patentable invention. C. & A. Potts & Co. v. Creager, 155 U. S. 597, 15 Sup. Ct. 194. The penholder brought out was a new, and seemingly a patentable, manufacture.

The defendant's penholder seems to be made in exact accordance with the plaintiff's patent, except that the metal tube, instead of being formed at the lower end into a series of radial points, which are turned outward, over and upon the lower end of the cork sleeve, is turned outward whole against the end edge of the cork sleeve, which is left, or made, perpendicular. This difference, however, does not seem to be actually material, or to have been conclusively made material, by the terms of the patent. The turned outward straight edge of the defendant's tube does the same thing as the turned outward crooked edge of the metal tube of the patent, and in substantially the same way. The one is the equivalent of the other so far as either is material, and the variance is in an unimportant detail. The substance of the patented invention appears to have been taken. Decree for plaintiff.