LITTLE RIVER BANK AND TRUST COMPANY, a banking corporation, *Relator,* vs. HARRY P. JOHNSON, as Mayor of the Town of Tavares, A. C. STUBBS, J. B. NICKELL, C. L. WISEMAN, J. W. MOSELY and THOMAS W. LONG, as and constituting the Town Council of the said Town, and E. I. BURLEIGH, as Town Clerk of said Town, *Respondents.*

136 So. 452.

Division B.

Opinion filed August 7, 1931.

*Shutts & Bowen,* of Miami, Florida, for Relators and the Motion;

*C. Roger Wells,* of Tavares, Fla., Contra, for the Respondents.

DAVIS, J.—This is a motion to quash the alternative writ of mandamus directed by this Court to the respondents as City officials of the Town of Tavares, in Lake County, Florida, requiring them to levy a tax for the purpose of obtaining funds to pay the principal sum of $7,000.00 in bonds

which matured on July 1, 1929, together with accrued interest thereon, and interest accrued on $3,000.00 in bonds, the principal of which was not due. All of the bonds are alleged to have been owned and held by the relator when the alternative writ was applied for. The original writ issued has been amended so as to contain a direction to the respondents to pay over to the relator moneys on hand in the interest and sinking fund of the Town of Tavares amounting to approximately $4,000.00. The motion to quash is directed at the amended alternative writ, and the principal ground of the motion is that the relator is not entitled to the relief therein demanded because of a special provision contained in Section 4 of Article 14 of Chapter 8375, Special Acts of 1919, which is the corporate charter of the municipality of Tavares.

Said Section 4, which is relied on as above stated, provides as follows: "That suits on all causes of action of whatever kind or nature accruing against the Town of Tavares shall be instituted within six (6) months after the cause of action accrues."

The respondents argue that this Section of the corporate charter, which is also a part of the laws of the State of Florida, is general in its terms and that the language used therein covers any cause of action of any kind or nature which might accrue against said Town, including the liability to be compelled by mandamus to make provision for the payment of its municipal bonds.

It is admitted that the general rule in this State is to the effect that the right to mandamus is not barred by a statute of limitation, but it is argued that such rule does not apply to this case because any cause of action against the Town of Tavares for the collection of the bonds involved in this proceeding necessarily accrued on July 1, 1929, and that the legal right of the relator to demand payment thereof consequently expired six months thereafter by reason of the special provision of Chapter 8375, above referred to. From

this premise it is argued that inasmuch as no suit has been brought by the bondholder against the Town of Tavares within the period of six months that therefore no judgment for the amount of the bonds can be obtained against the Town of Tavares and therefore the right of relator to a peremptory writ of mandamus fails and the alternative writ should be quashed because of the lack of any right in relator to demand payment of an obligation barred by the statute and the lack of right in relator to demand the levy of a tax to pay such barred obligation.

In support of this argument it is urged that since it was held in Ferguson v. McDonald, 66 Fla. 494, 63 So. 915, that where there are valid or special laws relating to the powers and government of particular municipalities that are in conflict with the general statutory law, such local or special laws prevail, that therefore the special statute of limitation of six months contained in Section 4 or Article 14 of said Chapter 8375, prevails over the statute of limitations provided for with reference to said instruments by the general statutory law.

It is also argued that since the rule prevails in this State that to warrant a court in granting a writ of mandamus it must appear that relator has clear legal right to the performance of the particular duty by the respondent (State v. Gray, 92 Fla. 1123; 111 So. 242; State v. Greer, 88 Fla. 249, 102 So. 739), that no clear right to such writ of mandamus can exist in this case because the bonds themselves being barred, relator has no clear right to the performance of any duty by the respondents with reference to the same.

This last proposition is bottomed upon the holding of this Court in the case of State ex rel. Nuveen v. Greer, et al., 88 Fla 249, 102 So. 739, where it was held that a peremptory writ of mandamus will not be issued to compel a tax levy and the payment of bonds that were illegally issued by a municipality, the payment of which has been enjoined by judicial decree. The principal point to be decided is,

therefore, whether in mandamus proceedings to coerce the City officials of Tavares to pay over money on hand and to levy sufficient taxes to pay the amount of the bonds and interest in accordance with law a peremptory writ can be awarded, assuming (but not deciding in this case) that some of the bonds, being past due for more than six months, have been legally barred by the special six months statute of limitations contained in the municipal charter.

The bonds in question were issued under Chapter 9298, General Acts of 1923, which provides that special assessments shall be levied and imposed to constitute a fund for the payment of principal and interest of the bonds authorized by that Act and that in the event there is a failure to collect and receive the said special assessments in season to pay the principal and interest of the bonds, that then the municipality shall levy and collect on all taxable property in said municipality a tax sufficient to pay such principal and interest as the same respectively become due and payable. Said Chapter 9298, *supra*, has been dealt with and construed by this Court in the following cases previously adjudicated by it: Rountree, et al, vs. State ex rel. Georgia Bond & Mortgage Co., 102 Fla. .., 135 So. 888, decided at this term; Klemm v. Davenport, 100 Fla. 627, 129 So. 904; State ex rel. Dos Amigos, Inc. v. Lehman, 100 Fla. 1313, 131 So. 533.

It is generally held that when bonds are issued payable from a special fund, required to be provided by an Act like Chapter 9298, *supra*, that the statute of limitations on the bond does not begin to run against the enforcement of the bonds until a fund for their payment is provided for as required by the statute and that therefore when the fund has not been provided as required by the statute mandamus proceedings to compel the levy of a special tax to make up for such default in failing to provide the special fund are not affected by any statute of limitations applicable to a suit on the bonds themselves. This rule is sup-

ported by Berkey v. Board of Commissioners of Pueblo County, 48 Colo. 104; 110 Pac. 197; Robertson v. Blaine County, 90 Fed. 663; 32 C. C. A. 512; Davis v. Simpson, 25 Nev. 123; 58 Pac. 146; 18 R. C. L. 151.

Where bonds are issued and taxes are by statute required to be levied and collected, and are pledged, for the purpose of raising an interest and sinking fund to pay such bonds, so long as the tax is being levied and collected and placed in the interest and sinking fund, or other special fund pledged and maintained as provided by law, there is no occasion for the holder of any bond payable out of such fund to bring any action on the bonds against the municipality, and indeed, it seems very probable that in such circumstances no legal action could be properly maintained in the face of a proper defense being made against the same under such circumstances.

It is only when the money required to be collected to insure the payment of principal and interest of bonds is not collected that the holder of the bonds or interest coupons thereof can become entitled to demand the levy of a special tax to make up for the special assessments when not collected in season as provided by the statute. While they are general obligations of the town, the right to sue on these bonds must be construed in connection with the other available remedies, when applying a statute of limitations.

Where a special tax to make a fund to insure the payment of principal and interest of bonds issued by a municipal corporation is required to be levied and collected but is not levied and collected as required by the statute and the contractual obligation of the bonds, the duty to provide such fund by levying and collecting a tax is a continuing one for which the remedy by mandamus may be invoked to compel the officers of the municipal corporation to do their duty in the premises and the statute of limitation against a suit on the bonds can not be invoked as an excuse for failure of the officers to perform such continuing

duty. State v. Board of Commissioners of Lincoln County, 23 Nev. 262, 45 Pac. 982.

In this case there is no showing by the pleadings that the Town of Tavares has complied with the terms of Chapter 9298, Acts of 1923, with reference to the statutory duties imposed upon it to provide a fund for paying the principal and interest due on the bonds held by the relator. On the contrary, the allegations of the alternative writ as amended show that the officials of said Town have failed to perform the duty imposed upon them by the clear mandatory provisions of Chapter 9298 applicable to these bonds, and so long as such duty remains unperformed the accredited bondholders of the Town are not only under the necessity of taking such steps as are available to them by mandamus for the purpose of compelling the City Officials to perform their statutory duty, but are in effect invited to do so.

A suit at common law upon the bonds themselves to obtain a judgment against the City thereon as a preliminary step to mandamus would be fruitless unless there were funds on hand in the general treasury of the City to pay such judgment when obtained. The result of such a suit would be of no advantage to the town or its taxpayers because its result would be to convert the amount represented by the bonds into a judgment obligation against the town carrying interest at the rate of 8% in lieu of the lower rate provided by the bonds. The rule contended for by respondents if adopted by this Court could only operate to the disadvantage of the municipality of Tavares and its citizens, and others similarly situated, and would be contrary to the adjudged cases of other jurisdictions, so it must be rejected in this case.

In this connection this Court has previously said in County Commissioners of Columbia County v. King, 13 Fla. 451 (467):

"According to elementary authorities, mandamus would be the only proper, because the only specific and

efficient remedy in such cases. It is not pretended that even if judgment were recovered against the county, the petitioner would be any nearer to the accomplishment of his puropse than he is now, because there is probably no property of the county liable to levy and sale upon execution. A judgment may go against the county, and yet the proceeding by mandamus must be resorted to to compel the Commissioners to levy and collect the amount, including interest and costs, unless they should then proceed without this compulsory process.''

It follows from what has been said that the motion to quash the amended alternative writ of mandamus must be overruled on the grounds stated, with leave to the respondents to file such answer to the alternative writ as they may be advised within twenty days from the date of this order.

It is so ordered.

BUFORD, C.J., AND WHITFIELD AND BROWN, J.J., concur.
ELLIS AND TERRELL, J.J., not participating.