DAN MORAN, *et al.,* v. STATE, *ex rel.,* EVELYN MONTGOMERY.

149 So. 477.
Division A.
Opinion filed July 14, 1933.
Rehearing denied Aug. 2, 1933.

*Vocelle & Mitchell,* for Plaintiff in Error;

*Fee & Liddon,* for Defendant in Error.

TERRELL, J.—This writ of error is from an order of the Circuit Court of the Twenty-first Judicial Circuit granting peremptory writ of mandamus directed to plaintiffs in error commanding them to pay the sum evidenced by a certain

bond of Indian River Farms Drainage District held by defendant in error, including four interest coupons, said bond and coupons being fully described in the alternative writ.

The sole question brought here for adjudication is whether or not the holder of bonds of a drainage district organized under the general drainage law, may enforce by mandamus, the payment of the interest and principal of said bonds to the exclusion of the holders of other bonds of the district when the funds on hand are insufficient to pay all bonds and coupons in default and in prospective maturity.

The court below in overruling the motion to quash the alternative writ and in granting the motion for a peremptory writ notwithstanding the return, answered this question in the affirmative. In pursuing this course he was apparently relying on State, *ex rel.*, Gillespie, *et al.*, v. Carlton, 103 Fla. 810, 138 Sou. 612.

In the last cited case we held that when a fund has accrued in the hands of a debtor which is insufficient to pay all bonds payable out of such fund, one bondholder of the series for which the raising of such fund was pledged when the bonds were issued may have his bonds ordered paid in full from the funds in his debtor's hands, even though the fund at the time of bringing suit is not sufficient to pay all the outstanding bonds then matured, it appearing that the funds in hand are accruals from the exercise of an inexhaustible power of taxation, and that the whole fund required, of which the fund in hand is, but a part, is replenishable by the further exercise of the taxing power, thereby enabling the debtor to ultimately pay all who may have claims against the fund as a whole.

This rule is supported by a wealth of authority cited in the opinion, but so far as we have been able to find, it was in each case, grounded on the fact that the funds sought

accrued from the exercise of the power of taxation which was without limit as to payment of the bonds. In some of these cases the rule was recognized that when a fund was such that various and sundry creditors were compelled to rely on it as the only source from which their claims could be paid and that such fund was insufficient to pay all in full and none being preferred, then equity would require that the fund be distributed pro rata. When, however, there is a means provided for all creditors to be paid in full the reason for directing pro rata payment does not exist, and that one creditor by the exercise of diligence may secure payment at an earlier date than another, furnishes no reason why such creditor, much less the debtor, should be heard to complain because a pro rata payment was not directed. Voorhies v. Mayor of City of Houston, 70 Tex. 331, 7 S. W. 679.

Drainage districts organized under the general drainage law are not clothed with power to levy and collect taxes without limit to meet debts and other obligations incurred by them. Such tax levies are restricted by the amount of benefits shown from the plan of reclamation and when this amount is reached the power to tax is cut off. Section 1114, Revised General Statutes of 1920, Section 1467, Compiled General Laws of 1927. They cannot, therefore, be classified with municipalities and other taxing units having an inexhaustible taxing power on which the rule as above announced was predicated.

In addition to the source of taxation being limited for the redemption of the bonds in question the record discloses that Indian River Farms Drainage District has outstanding bonded indebtedness in the sum of $1,228,020, that it is in default on interest payments in the sum of $42,075, on the principal of its bonds in the sum of $74,000, that the lands of the said district are largely wild and unimproved, that

a large portion of said lands have been sold and certified to the district for non-payment of taxes, and that while the funds on hand are ample to pay relator's bonds and coupons, they are insufficient to pay all holders of other defaulted bonds and coupons.

In theory the law contemplates that the bonds issued to execute the plan of reclamation will be paid in full before the assessments to that extent have been made, but here the record shows that this cannot be done. The fund from which they must be paid is limited or special, and when this limit is reached there is no other means provided for payment of the bonds. Under such a state of facts we do not consider this a proper case for the application of the mandamus rule of "first come first served" as was done in State v. Carlton, *supra*.

The "first come first served" rule is predicated on an unlimited taxing power, but should not be followed when the taxing power is special and limited and to do so would work an injustice on bond holders or claimants of equal dignity and it is conclusively shown that it would result in some claimants receiving nothing for their claims.

It follows that the funds brought in question, being special or limited, are charged with a definite trust and if not sufficient to pay all bond and coupon claimants in full they should be distributed among them on a pro rata basis. In this they become equitable assets, not the subject of a suit at law.

The judgment below is accordingly reversed with instructions to quash the alternative writ.

It is so ordered.

DAVIS, C. J., and WHITFIELD, BROWN and BUFORD, J. J., concur.

ELLIS, J. (concurring specially).—I agree to the conclusion reached, assuming the validity of the general drain-

age Act, title VII, Chapter III, Art. I, C. G. L. 1927, particularly Sec. 1453 C. G. L. 1927, which I doubt. I do not regard State, *ex rel.,* Gillespie v. Carlton, 103 Fla. 810, 138 South. Rep. 612, as authority for the "first come first served" doctrine as applied to the redemption of bonds issued by any taxing unit having a so-called "inexhaustible taxing power." While the opinion and argument in the Gillespie-Carlton case, *supra,* is forceful and displays much ingeniousness I think the points discussed were not only not necessary to the decision, but had no relation to it. The experience of the past years was not necessary to prove that "inexhaustible taxing power" is not synonymous with "inexhaustible revenue collecting capacity," the only power with which the bond holder is concerned, assuming the validity of his bonds, and which constitutes the only security for their payment.