CITY OF NEW PORT RICHEY v. P. S. OLIVER.

184 So. 499.
Division A.
Opinion Filed October 31, 1938.

*W. H. Brewton,* for Plaintiff in Error;

*M. L. Stephens,* for Defendant in Error.

BUFORD, J.—Writ of error brings for review final judgment in favor of plaintiff in suit on municipal bonds.

The sole question involved is whether or not Section 33 of Chapter 10929, Special Acts of 1925, applies to suits on bonds so as to preclude a bond-holder from instituting and maintaining a suit on bonds in default when the provisions of that section of the municipal charter Act have not been complied with.

The section is as follows:

"No suit in chancery, or action at law, either *ex contractu* or *ex delicito,* of any kind or nature, whatsoever, against said city shall be instituted after six months from the date such cause of action accrues, and no suit shall be instituted against said City unless a written statement giving the particulars of the alleged cause of action containing a notice of intention to sue, shall be filed with the Council at least thirty days before the suit, or action, be instituted." By analogy, at least, the question presented has been heretofore

and for many years settled contrary to the contention of plaintiff in error. In Johnson v. Wakulla County, 28 Fla. 720, 9 Sou. 690, it was said:

"The fourth plea was framed to set up as a special defense the provision of sec. 3, chapter 2086, Laws of 1877 (Sec. 14 p 318 McClellan's Digest), that is as follows: 'Every claim against any county in this State shall be presented to the Board of County Commissioners within one year from the time said claim shall become due, and shall be barred if not so presented.' The existence of an order or warrant by a Board of County Commissioners such as is sued upon herein is. evidence *per se* that the claim for the payment of which it was given, has been duly presented to and audited and adjusted by the Board, such adjustment thereof culminating in the order on the county's treasury for the amount found to be due. We do not think that this statute contemplates that county orders or warrants on its treasury, the bare existence of which conclusively shows prior presentation to and adjustment by the board of the claims upon which they are based, should be presented year after year, *toties quoties,* to the Board of Commissioners, but we think the statute contemplates only such claims against the county as are in their incipient state, that have never been presented, audited or allowed. See the dissenting opinion of Smith, C. J., in Royster v. Commissioners, 98 N. C. 153, upon a statute similar to, but much more comprehensive than ours. We think the court correctly sustained the demurrer to this fourth plea."

The late case of Webb v. Hillsborough County, 128 Fla. 471 Sou. 874, is more definitely in point. In that case we said:

"The second question with which we are confronted is whether or not the claim sought to be enforced by plaintiffs in error is barred by the statute of nonclaim. Section 2941,

Revised ·General Statutes, of 1920, Section 4665, Compiled General Laws of 1927, the pertinent part of which is as follows : 'Every claim against any county shall be presented to the board of county commissioners within one year from the time said claim shall become due, and shall be barred if not so presented. A statute of non-claims possesses many attributes akin to statutes of limitations. It fixes the time within which claims may be presented for payment and cuts off the right to claim if not so presented. It has reference to current demands arising against the county in the usual course of business. Their purpose is to bring promptly to the attention·of the county any demands against it while those who are in office and know of them are living and those whose duty it is to audit and determine their legality . are present and can protect the county. Such statutes are consistent with a sound public policy when county officers are chosen for short terms and change frequently. It has no reference to claims based on bonds, contracts or other evidences of indebtedness the amount of which was audited and determined when they were issued. Green County v. Daniel, 102 U. S. 187, 12 Otto 187, 26 L. Ed. 99: Rountree v. State, *ex rel.,* Georgia Bond & Mtg. Co., 102 Fla. 246, 135 So. 888; Johnson v. Wakulla County, 28 Fla. 720, 9 So. 690."

In Little River Bank & Trust Co. v. Johnson, 102 Fla. 828, 136 Sou. 452, we said :

"It is generally held that when bonds are issued payable from a special fund, required to be provided by an Act like Chapter 9298, *supra,* that the statute of limitations on the bond does not begin to run against the enforcement of the bonds until a fund for their payment is provided for as required by the statute and that therefore when the fund has not been provided as required by the statute mandamus proceedings to compel the levy of a special tax to make up

for such default in failing to provide the special funds are not affected by any statute of limitations applicable to a suit on the bonds themselves. This rule is supported by Berkey v. Board of Commissioners of Pueblo County, 48 Colo. 104; 110 Pac. 197; Robertson v. Blaine County, 90 Fed. 663; 32 C. C. A. 512; Davis v. Simpson, 25 Nev. 123, 58 Pac. 146, 18 R. C. L. 151."

So it is if by any construction the statute pleaded could be held to apply to bonds it could not be held to apply in this case because it affirmatively appears, and is not contradicted, that no fund for the payment of the bonds has been provided for as required by the statute; and as the requirement had not been met by the municipality no statute of limitation had begun to run. We hold, however, that the statute sought to be invoked does not apply to bonds duly issued under the corporate seal of the municipality and which have become due by maturity and in default because of non-payment.

The judgment is affirmed.

So ordered.

Affirmed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.