**THE FARMERS & BANKERS LIFE INSURANCE COMPANY, a corporation, v. LAKE HANCOCK IMPROVEMENT DISTRICT, a body corporate, and HERBERT N. CASEBIER, as Receiver of Lake Hancock Improvement District.**

25 So. (2nd) 666                                        January Term, 1946
April 9, 1946                                                      Division A

*Joseph P. Lea, Jr.,* for petitioner.
*William P. Allen,* for respondents.

PER CURIAM:

The bill shows that an amount equal to the ascertained benefits has not been assessed. The assessment heretofore made was to provide the payment of a bond issue in the sum of $100,000.00. There does not remain sufficient funds arising from the assessment heretofore made to pay off the bonded indebtedness.

The bonded indebtedness was and is the general obligation of the district and has behind it the full taxing power of the district which is limited only by the amount of the benefits found and determined before the bonds were issued.

Therefore the bond holders of outstanding bonds are entitled to a levy on all parcels of land in the district, within the limitation of the amount of the benefits heretofore found and determined to exist, to produce a sufficient fund to pay the outstanding bonds and interest thereon. This right of the bond holders could not be taken from them in such manner as to abrogate the contract contained in the bond. It is therefore our conclusion that the bill contains equity. The petition for certiorari is granted and the order dismissing the bill of complaint is quashed.

It is so ordered.

CHAPMAN, C. J., TERRELL, and BUFORD, JJ., concur.
ADAMS, J., concurs specially.

ADAMS, J., concurring specially:

I concur in the foregoing opinion and judgment but in so doing I do not understand that the opinion modifies our opinion in Moran v. State ex rel. Montgomery, 111 Fla. 429, 149 So. 477.

CHAPMAN, C. J., TERRELL and BUFORD, JJ., concur.