SEBRING, Justice.
The plaintiff, below instituted suit to recover upon certain 'bonds and interest coupons issued by the South Hastings Drainage District under the general drainage statutes of the state. To the complaint filed in the cause the District filed its answer in which it plead as a defense that certain of the bonds and interest coupons sued on were barred by the 20-year statute of limitations, F.S.A. § 95.11(1). On motion of the plaintiff the trial court ruled that the answer presented no defense to the cause of action and entered a summary final judgment in favor of the plaintiff.
The defendant has appealed from this judgment, raising as the only question for determination whether bonds and interest coupons issued by a drainage district pursuant to the general drainage statute are barred by the statute of limitations if suit is not commenced thereon within 20 years from their respective maturity dates.
It is plain that the bonds and coupons involved in this litigation were payable solely out of a special fund to be created by special assessments assessed and levied against lands in the drainage district in accordance with the benefits to be gained by each respective parcel. Moran v. State ex rel. Montgomery, 111 Fla. 429, 149 So. 477; Ideal Farms Drainage District v. Certain Lands, 154 Fla. 554, 19 So.2d 234.
It is plain also that the bonds and coupons involved in this litigation are not general obligation bonds payable from a fund derived from the exercise of an inexhaustible power of taxation, but are securities payable solely from a limited fund derived from special assessments assessed, levied and collected against the respective parcels of land lying in the drainage district in strict, accordance with a general reclamation plan as to benefits. Moran v. State ex rel. Montgomery, supra; Ideal Farms Drainage District v. Certain Lands, supra. Sections 298.36 et seq., Florida Statutes 1951, F.S.A.
In respect to securities of this type the majority rule is stated in Jones, Bonds and Bond Securities, 4th Ed., section 510, that “when payment is provided for out of a- particular fund or in a particular way, the debtor cannot plead the statute of limitations without showing that the particular fund has been provided, or the method pursued, and that when the [debtor] has failed to provide funds * * * to which the holder could alone look for payment, the statute of limitations cannot be successfully interposed.”
To the same effect is 34 Am.Jur., Lim. Actions, section 141, p. 114, wherein it is said: “As a general rule, when payment is provided for out of a particular fund to be created by the act of the debtor, the latter cannot plead the statute of limitations unless he shows that the fund has been created, otherwise, the debtor would have the power in many cases to avoid all payment of his debts.” See also 54 C.J.S., Limitations of Actions, §§ 113, 148, pp. 17 and 88; McQuillin, Municipal Corporations, 3d Ed., section 43.157.
The principle, that where bonds are payable only from a special source the statute of limitations does not begin to run until the source has been provided, has been recognized in the Florida decisions: “ * * * when bonds are issued payable from a special fund, required to be provided by an act * * * the statute of limitations on the bond does not begin to run against the enforcement of the bonds until a fund for their payment is provided for as required by the statute * * Little River Bank & Trust Co. v. Johnson, 102 Fla. 828, 136 So. 452, 453. “Where a statutory limitation of action is applicable, it usually runs only from the time the [debtor] repudiated its obliga *828 tions, or provided fund for payment where there was no repudiation.” Little River Bank & Trust Co. v. Johnson, 105 Fla. 212, 141 So. 141, 145.
In the instant case the bonds and interest coupons were payable from a limited fund. They were issued pursuant to the general drainage statutes which provided, among other things, that “all bonds and coupons not paid at maturity shall bear interest at the rate of six per cent per annum from maturity until paid, or until sufficient funds have been deposited at the place of payment”. Section 298.49, Florida Statutes 1951, F.S.A. The defendant does not pretend that taxes to create the special fund for the retirement of the bonds have ever been levied or collected. Under these circumstances we are of the opinion that the judgment appealed from should be affirmed. See Board of Com’rs of Oklahoma County v. Board of Finance of M. E. Church, So., 10 Cir., 100 F.2d 766; Denver-Greeley Valley Irr. Dist. v. McNeil, 10 Cir., 80 F.2d 929; State ex rel. Central Auxiliary Corp. v. Rorabeck, 111 Mont. 320, 108 P.2d 601.
Our conclusion in this regard makes it unnecessary for us to consider other questions raised by the parties.
It is so ordered.
TERRELL, THOMAS, HOBSON and MATHEWS, JJ., and ROGERS, Associate Justice, concur.
ROBERTS, C. J., dissents.