HOBSON, Justice.
This appeal grows out of a proceeding in mandamus. Appellants, respondents below, complain that the circuit court erred in ordering the issuance of a peremptory writ commanding them to levy taxes to pay a judgment previously obtained by the relator.
The alternative writ of mandamus, which was issued on February 26, 1953, alleged that the South Hastings Drainage District was duly organized pursuant to Chapter 298, Florida Statutes, F.S.A., and that the respondents were its duly qualified Board of Supervisors; that certain bonds were issued by said District and that the relator was the holder of such bonds and coupons, which were specifically described; that an action at law was instituted against the District upon the obligations held by relator, resulting in a final judgment in favor of relator entered by the circuit court on February 6, 1953 [affirmed by this court, South Hastings Drainage Dist. v. Wright, 72 So.2d 826]; that the District was in default in principal and interest on its outstanding bonds; and that it was the duty of the Board of Supervisors to include in the annual tax levy a tax for the purpose of paying such bonds and coupons. The alter *713 native writ commanded respondents to take official action to levy taxes upon all the property within the District in an amount sufficient to pay the relator’s judgment.
The return to the alternative writ alleged that the District was created by a decree of the circuit court dated February 6, 1918, and was authorized to exist and continue for a period of 35 years from that date; that the decree had been a matter of public record since it was originally recorded on February 7, 1918; and that the relator and his predecessors in title acquired the bonds and coupons with notice of the provisions of the aforesaid decree and thus with notice that the legal existence of the District would terminate on February 6, 1953. It was further alleged that the relator had delayed the bringing of this proceeding until after the legal existence of South Hastings Drainage District had terminated. Relator moved to quash the return and for peremptory writ of mandamus notwithstanding the return. The circuit court granted these motions, with certain qualifications not relevant here, whereupon a peremptory writ of mandamus was entered, directed to the appellants in their alleged capacities as officers of the South Hastings Drainage District.
There is no issue of limitations or laches here, for such points were foreclosed by the judgment we recently affirmed in this litigation. The mandamus proceedings were timely instituted after judgment was entered.
Appellant contends that mandamus was not the proper remedy. Not only is mandamus specifically made available for the enforcement of rights of the bondholders by F.S. Sec. 298.56, F.S.A., included in the chapter under which the bonds involved in this action were issued, but in Morgan v. State ex rel. Garrett, 126 Fla. 534, 171 So. 310, a drainage district case, we said:
“Mandamus is the proper remedy to compel the exercise of such power of special taxation as it exists, to the extent that it may be lawfully exercised, for the purpose of paying judgments against the district.”
We should further point out that ordinarily, although problems of substantive law may arise on the issue of whether or not an act should be performed, it is by the “nature of the thing to be done” that the propriety of issuing mandamus is to be determined. Marbury v. Madison, 1 Cranch 137, 2 L.Ed. 60; State ex rel. Fleming v. Crawford, 28 Fla. 441, 10 So. 118, 14 L.R.A. 253; State v. Gray, Fla., 74 So.2d 114, 121. The act sought to be commanded in the: instant case, i. e., levying the tax, is purely ministerial, and mandamus will lie.
The only real question presented is whether, as a substantive matter, the “power of special taxation * * * exists” and “may be lawfully exercised”, Morgan v. State ex rel. Garrett, supra, under the facts of this case, wherein the authority under which the district was created has expired and the supervisors are no longer de jure officers.
F.S. Sec. 298.56, supra, reads as follows:
“All bonds issued by any board of supervisors under the provisions of this chapter shall be secured by a lien on all lands and other property benefited in the district, and the board of supervisors shall see to it that a tax is levied annually and collected under the provisions of this chapter, so■ long as it may be necessary to pay any bond issued or obligation - contracted under its authority; and the making of said assessment and collection maybe enforced by mandamus.” (Emphasis supplied.)
The italicized portion of this statute indicates an unmistakable legislative intention to continue the taxing power until: lawfully contracted obligations are discharged:, and by this expressed intention we are bound. It remains only to examine the- medium through which the taxing power is to be exercised.
We have held that officers of a drainage district created by a defective decree possess de facto status which cannot successfully be challenged by a writ in quo-warranto, State by Watson v. Covington, *714 148 Fla. 42, 3 So.2d 521, nor can the organization of the district be attacked collaterally, Baldwin Drainage Dist. v. MacClenny Turpentine Co., 154 Fla. 525, 18 So.2d 792. One important basis of these holdings was- that contractual and other rights had been “ ‘acquired and not fully discharged’ ”, 3 So.2d 521; 18 So.2d at page 795, while the defectively organized district was in operation, and the same rationale applies here. In the instant case rights were acquired while the district and its officers enjoyed de jure status. To “discharge” these rights it is necessary only to extend the authority of the officers for a reasonable time after their original authority has expired. This must be done, absent a showing of conduct on the part of the creditor which would require a forfeiture of his rights, and there is no such showing in this case.
The exact question presented here has recently been decided in Missouri in Diekroeger v. Jones, 235 Mo.App. 1117, 151 S.W.2d 691, 695, where a drainage district relied upon the same defenses put forth by appellants herein. The court stated:
“We adhere to the doctrine * * * that certain residuary powers remain unimpaired in the supervisors when the charter expired and that the court can compel them to perform the duties •laid upon them by statute, even though the charter has expired.”
This pronouncement is entirely consistent with our view of the instant case and with our decisions in the analogous cases which we have cited above.
Appellants rely upon Barkley v. Levee Commissioners, 1876, 93 U.S. 258, 23 L.Ed. 893. In that case, mandamus was brought to enforce a judgment which, had been rendered against the board more than ten years after the district had expired. Provision had been made by statute for the continuation of authority in the board to assess taxes to meet outstanding indebtedness. The Supreme Court held that the judgment debt -sought to be enforced did not qualify under the statute. A judgment obtained so long after the district had ceased to exist could not be considered an “outstanding” obligation of the district. We think the Barkley case distinguishable, because of statutory considerations there involved and because of the long and unexplained passage of time between the expiration of the district and the obtaining of the judgment sought to be enforced.
Affirmed.
DREW, C. J., TERRELL, J., and STANLY, Associate Justice, concur.