# CITY OF LAWTON v. WEST.

### No. 4247.   Opinion Filed August 30, 1912.

#### (126 Pac. 574.)

MUNICIPAL CORPORATIONS — Bonds—Issuance—Approval—"Public Securities or Bonds." Bonds issued by a municipal corporation in pursuance of an act of the Legislature, approved April 17, 1908 (Laws 1907-08, c. 10, art. 1), the provisions of which are to be found in article 5, c. 14, Comp. Laws 1909, to raise revenue or funds with which to make street improvements in a city, which are to be paid by special assessments levied against the property benefited by the improvements, are not "public securities or bonds," within the meaning of section 2 of an act of the Legislature, approved March 24, 1910 (Laws 1910, c. 94), entitled "An act for the protection, validation and sale of bond issues of the state, counties, townships and municipalities and all other political organizations and subdivisions of the state of Oklahoma"; and such bonds are not required to be examined and certified to by the Attorney General as ex-officio bond commissioner.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*
*Geo. W. Clark, Judge.*

Application by the City of Lawton for mandamus to Chas. West, *ex-officio* Bond Commissioner. Judgment for defendant; and plaintiff brings error. Affirmed.

*Chas. C. Black,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *R. E. Gish,* for defendant in error.

HAYES, J. This is an appeal from a judgment of the district court of Oklahoma county, denying an application of plaintiff in error for a writ of mandamus to the Attorney General to require him to pass upon an issue of improvement bonds, issued by plaintiff in error, commonly referred to and known as paving script or bonds. The bonds were issued by the authorities of the city under the provisions of an act of the Legislature, approved April 17, 1908, to be found in article 5, c. 14, Comp.

Laws 1909. The bonds were issued for the purpose of procuring the necessary means to pay the cost of expenses of improving certain streets in the city of Lawton. They recite, upon their face, that they are payable solely from assessments which have been legally levied upon the lots and tracts of land benefited by the proposed improvements, and that the city of Lawton agrees to collect, as by law provided, the assessments so made, and irrevocably pledges the faith, credit, and revenues of the city for the purpose of carrying out such stipulation.

The statute under which the bonds were issued also provides that they shall in no event become a liability of the city. Section 726, Comp. Laws 1909. By an act of the Legislature, approved March 24, 1910 (chapter 94, Sess. Laws 1910), the Attorney General is made *ex-officio* bond commissioner of the state. Section 2 of that act is as follows:

"It shall be the duty of such bond commissioner to prepare uniform forms and prescribe a method of procedure under the laws of the state in all cases where it is desired to issue public securities or bonds, in any county, township, municipality, or political or other subdivisions thereof of the state of Oklahoma; and it shall be the further duty of said bond commissioner to examine into and pass upon any security so issued, and such security, when declared by the certificate of said bond commissioner to be issued in accordance with the forms of procedure so provided, shall be incontestable in any court in the state of Oklahoma unless suit thereon shall be brought in a court having jurisdiction of the same within thirty·days from the date of the approval of said securities by the bond commissioner."

The act also makes all bonds issued by any political or municipal subdivision of the state without the certificate of the bond commissioner invalid.

The Attorney General refuses to examine into and pass upon the bonds and securities here involved, because he construes the language of the statute requiring him to examine into and pass upon any securities issued by a county, township, or a municipality as not including bonds or securities issued which are to be paid by special assessments against property benefited by the improvements made with the funds procured from the securities. The language of the statute imposes upon the bond commissioner

certain duties, "where it is desired to issue public securities or bonds in any county," etc.   It is not sought by this proceeding to require the Attorney General, as bond commissioner, either to approve or disapprove the bonds involved, but to require him to examine into them and pass upon their validity.   The effect of the writ sought, therefore, is not to control the Attorney General in the exercise of any judicial discretion he might be required to exercise in determining the validity of the bonds, but to act. Whether such duty devolves upon him under the statute depends upon whether the terms "public securities" or "bonds" used in the statute include securities issued by incorporated cities and towns under the provisions of the foregoing mentioned act of 1908, providing for the issuance of bonds for street improvement purposes.   The terms "public securities" or "bonds" are used in the act, we think, synonymously; for section 2, after making it the duty of the bond commissioner to prescribe a method of procedure to be followed when it is desired to issue "public securities" or "bonds," thereafter throughout that section uses the word "securities" alone to include both bonds and securities; and in section 3 the term "bonds" is used for the evident purpose of including all securities referred to in the preceding section.   "Public securities" is defined in 32 Cyc. p. 1253, to be:

"A certificate or instrument issued by the proper officer under the authority of law, evidencing a pecuniary indebtedness or liability of the government to the holder."

This definition we believe to be sound, and it is supported by the authorities cited in the text.   Tested by this definition, the bonds involved in this case are not public securities; for while they are issued by certain authorized officers of a municipal government under authority of law, they do not evidence an indebtment or liability of the municipal government, so provided both by the bonds themselves and the statute under which they are issued.   Under the provisions of the statute, no part of the taxpaying public constituting the municipal corporation is liable jointly for the indebtedness represented by these bonds.   They are to be paid by special assessments, levied by ordinance against specific pieces of property; and no piece of property is liable for

the whole indebtedness, but only for that assessed against it in accordance with the provisions of the statute. A personal judgment against the city for the nonpayment of these bonds could not be obtained; nor can they be enforced against its general assets, or resort be had to general taxation for the purpose of raising a revenue to satisfy them. Section 198, Dillon on Municipal Corporations.

The municipal corporation acts only as an intermediary or agent for the property holders whose property these public improvements benefit in arranging for the improvements, making the contracts, negotiating the bonds, and collecting the revenues from the party benefited and disbursing it to the holders of the securities. The bonds and securities contemplated by the statute imposing the duty upon the bond commissioner are not such bonds and securities as constitute a liability upon the general taxpaying public. In connection with this construction of the statute, which we think from the terms used therein, independent of any other consideration, is correct, it should be suggested that such has been the construction and meaning of the statute uniformly given to it by the bond commissioner since its enactment, and generally acquiesced in by the municipal authorities, the general public, and the bond investors throughout the state; and large investments and improvements have been made upon this construction. Since by section 3 of the act all bonds so issued would be rendered invalid if such construction is not correct, although this court is not bound by the construction of the bond commissioner acquiesced therein by the public for so short a time, it would be a fact worthy of consideration, even if the terms of the act were more doubtful in their meaning than they are.

The judgment of the trial court is affirmed.

TURNER, C. J., and WILLIAMS, J., concur; KANE and DUNN, JJ., absent, and not participating.