## BOARD OF COM'RS OF POTTAWATOMIE COUNTY, OKL., et al. v. MUNICIPAL SECURITIES CO.

(Circuit Court of Appeals, Eighth Circuit. September 2, 1924.)

No. 6540.

**1. Counties ⬥150(2) — Constitutional provision limiting county indebtedness held inapplicable to drainage warrants.**

Const. Okl. art. 10, § 26, prohibiting county indebtedness in excess of income and revenue for year without assent of three-fifths of voters, *held* inapplicable to warrants issued under article 16, § 3, for cost of construction of drain.

**2. Counties ⬥165—Constitutional provision as to certification of evidence of county debt inapplicable to warrants payable out of drainage assessments.**

Const. Okl. art. 10, § 29, prescribing that evidence of debt of any county, to be valid, must be certified by certain officer, *held* inapplicable to drainage warrants payable by special assessment.

**3. Counties ⬥164 — County commissioners held empowered to issue drainage warrants payable only out of assessments.**

Under Rev. Laws 1910, Okl. § 2987, and Laws 1913, c. 15, and chapter 166, county com-

missioners *held* empowered to issue drainage warrants payable only out of assessments on property benefited.

**4. Action ☞44—Action on warrants could not be joined with proceeding to enforce payment on expected judgment.**

Action on drainage warrants could not be joined with proceeding in nature of mandamus to enforce payment of judgment to be rendered.

**5. Counties ☞170(1)—County proper defendant in action on warrants.**

In action on drainage warrants, the county is proper defendant, though judgment is to be paid out of special assessments levied on benefited property in drainage district.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Action by the Municipal Securities Company against the Board of Commissioners of Pottawatomie County, Okl., and others. Judgment for plaintiff, and defendants bring error. Affirmed, as modified.

Mark Goode, of Shawnee, Okl. (Charles E. Dierker, of Shawnee, Okl., on the brief), for plaintiffs in error.

Ray Evans, of Shawnee, Okl. (R. C. Arrington, of Shawnee, Okl., and George P. Glaze, of Oklahoma City, Okl., on the brief), for defendant in error.

Before KENYON, Circuit Judge, and AMIDON and SCOTT, District Judges.

AMIDON, District Judge. This is an action at law brought by the Municipal Securities Company to recover on ten drainage warrants issued by the commissioners. The case arose out of the construction of a drain running entirely across Pottawatomie county, Okl., and known as Little River drainage district No. 1. The drain was constructed by R. H. and G. A. McWilliams as contractors under a contract duly entered into by the county authorities. On the final settlement there was found to be a balance of $24,136.70 due the contractors. There were funds available for the payment of this balance, with the exception of the sum of $10,063.38. For this latter amount the county commissioners issued nine warrants for $1,000 each, and one warrant for $1,063.38. The first warrant was payable one year from date, and the others followed year by year.

The answer pleaded the statute of limitations as to some of the causes of action. To support this defendants alleged that there were funds in the treasury for the payment of the warrants July 1, 1915. The evidence wholly failed to support this statement. There were no funds in the treasury for the payment of the warrants until 1920, and under the statute of Oklahoma and the decisions of its Supreme Court interpreting the same, the statute of limitations on county warrants does not begin to run until there are funds in the treasury for the payment of such warrants. City of Sulphur v. State, 62 Okl. 312, 162 Pac. 744; Robertson v. Blaine County, 90 Fed. 63, 32 C. C. A. 512, 47 L. R. A. 459.

[1] Another defense is based upon section 26 of article 10 of the state Constitution, which forbids any county, etc., to "become indebted, in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of three-fifths of the voters thereof." This section, however, deals only with indebtedness to be paid by a general tax on the ad valorem value of the property. The warrants were issued under authority conferred by article 16, section 3, of the Constitution, providing for a system of levees, drains and ditches, and for a system of taxation on lands affected or benefited thereby. The Supreme Court of the state has ruled directly that section 26 does not apply to drainage enterprises. In the case of Riley, County Clerk, v. Carico, 27 Okl. 33, 110 Pac. 738, the court says:

"Article 16 of the Constitution of Oklahoma, providing for the establishment of a department of highways and creation of improvement districts and systems of levies, drains, and ditches and of irrigation, is not limited by section 26 of article 10 thereof."

[2] The next objection to the warrants is based upon section 29 of article 10 of the state Constitution, which provides that "no bond or evidence of debt of any county * * * shall be valid unless the same have endorsed thereon a certificate signed by the county clerk * * * and the county attorney * * *, stating that said bond, or evidence of debt, is issued pursuant to law, and that said issue is within the debt limit." This section of the Constitution has not been construed by the highest court of the state. Some light on the subject, however, is found in the decision of the court in City of Lawton v. West, 33 Okl. 395, 126 Pac. 574. That case involved a statutory enactment which requires that bonds issued by municipal corporations shall not be valid unless they have been certified by the Attorney General, as bond

commissioner. The court ruled that this statute had no application to bonds or other evidences of indebtedness issued for the purpose of raising revenue with which to meet street improvements in a city, and which were to be paid by special assessments levied upon the property benefited by the improvement. Speaking upon that subject the court says:

"They are to be paid by special assessments, levied by ordinance against specific pieces of property, and no piece of property is liable for the whole indebtedness; * * * a personal judgment against the city for the nonpayment of these bonds could not be obtained, nor can they be enforced against its general assets, or resort be had to general taxation for the purpose of raising a revenue to satisfy them. * * * The municipal corporation acts only as an intermediary or agent for the property holders whose property these public improvements benefit in arranging for the improvements, making the contracts, negotiating the bonds, and collecting the revenues from the party benefited and disbursing it to the holders of the securities. The bonds and securities contemplated by the statute imposing the duty upon the bond commissioner are not such bonds and securities as constitute a liability upon the general taxpaying public."

The warrants in suit were issued by the county, and in a certain sense may be classed as evidences of debt of the county. They are not, however, to be paid by a general tax, but by a special assessment levied upon property benefited in the drainage district. Such warrants accomplish a dual purpose. First, they are prima facie evidence of an established indebtedness; second they anticipate collection of the assessments by means of which they are to be paid. Most of the states in this circuit have a provision in their Constitution similar to section 29 of article 10 of the Oklahoma Constitution. It has not been the practice, however, in those states to require warrants issued upon the treasury to be certified by an independent officer. We are therefore of the opinion that the warrants in question are not subject to this provision of the state Constitution.

[3] It is further objected that the county commissioners were not vested with power to issue the warrants in question. That objection is clearly devoid of merit. Section 2987 of the Revised Laws expressly provides that the commissioners may issue warrants in lieu of bonds, and fixes the terms to be embodied in the warrants. This interpretation of the statute is confirmed also by chapter 115 of the Session Laws of 1913, p. 215, and by chapter 166 of the Session Laws of the same year, p. 381, both of which contain express provisions justifying and approving the issue of such warrants. Even if there were no express statutory authority for issuing such warrants, it is one of the usual powers of municipal corporations, and is implied as incidental to the corporate life unless there is an express prohibition in the charter or the state Constitution. 2 Dillon's Municipal Corporation (5th Ed.) § 851.

The warrants were issued under the plain authority of the drainage law of the state, and are valid obligations.

[4] Much confusion has arisen in the case both in the trial court and here, by the attempt of the plaintiff to combine in an action at law on the warrants a proceeding in the nature of mandamus, to enforce the payment of the judgment which it expected to secure. This error of the plaintiff led to the making of a large number of parties defendant, including the treasurer of the county, the drainage district, the commissioner of the drainage district, etc., and in addition to the proper judgment upon the warrants the court adjudged and decreed that the treasurer pay to the plaintiff any funds in his hands arising out of the special assessment on the drainage district, and if there were not sufficient funds to pay the judgment the court further adjudged and decreed that the board of county commissioners cause to be levied upon the property in the drainage district a sufficient amount to liquidate the judgment, with interest and costs, and cause the same to be collected with the least possible delay, and apply the same to the discharge of the judgment. This part of the judgment was wholly outside the proper limits of the action. The only proper party defendant is either the county commissioners of the county or the county itself, depending upon the title by which the county is to be sued under the state law. The attempt to combine in this action a proceeding by mandamus for the payment of the judgment has no basis in sound practice. The first step for the enforcement of the warrants is to obtain a judgment establishing their validity as a claim against the county, and adjudging that the judgment be paid in the due course of the county's fiscal administration;

that is, out of the fund arising from one or more special assessments, to pay the cost of the drain. County of Greene v. Daniel, 102 U. S. 187, 26 L. Ed. 99; Shepard v. Tulare Irrigation Dist. (C. C.) 94 Fed. 1.

[5] The entire drainage project is committed to the board of county commissioners. They determine the feasibility of the drain, its location, the property benefitted thereby; they establish the drainage district and the definite line upon which the drain is to be located; the contract for the work is let under their immediate supervision; they apportion the benefits and levy the special assessment upon the several tracts of land; the bonds and warrants to pay for the cost of the drain are issued by their order and signed in the name of the board by its president. Such being the facts, the county is the proper defendant in an action upon the warrants notwithstanding the judgment is to be paid out of the fund arising from a special assessment. Mather v. City and County of San Francisco, 115 Fed. 37, 52 C. C. A. 631.

Plaintiff could not assume that the officers of the county would not perform their duty in the payment of a judgment duly entered. Upon recovering the judgment its proper course was to present a certified copy of it to the proper authorities of the county and ask that it be paid. If there were funds in the treasury arising out of the drainage assessment, it would then have been the duty of the county officers to apply such funds to the payment of the judgment. In case there were not sufficient funds to meet the judgment, it would have been the duty of the county officers to exercise all the powers conferred upon them by law to produce the fund. In case of their failure to perform their duties under the statute, it would then have been open to the plaintiff to apply to the court in which the judgment was entered for a writ of mandamus compelling the officers to perform their duty. It follows that all that part of the judgment entered in the trial court which goes beyond establishing the validity of the debt, and adjudging its payment in the due and orderly administration of the county's affairs, is in excess of the power of the court, and that part of the judgment must be reversed. The parties other than the board of county commissioners of the county of Pottawatomie and the county of Pottawatomie are also improper.

As thus modified, the judgment of the trial court is affirmed. Neither party will recover costs in this court.