## ARMSTRONG et ux. v. SEWER IMPROVEMENT DIST. NO. 1, TULSA COUNTY, et al.

No. 33764.   Oct. 5, 1948.
Rehearing Denied Dec. 7, 1948.
Opinion on Second Petition for
Rehearing June 21, 1949.

*199 P. 2d 1012; 207 P. 2d 917.*

Twyford, Smith & Crowe, of Oklahoma City, for plaintiffs in error.

George J. Fagin, of Oklahoma City, and Holleman & Durfee, of Tulsa, for defendants in error.

LUTTRELL, J. This action was brought by the plaintiffs, Arche Donald Armstrong and Victoria L. Armstrong, to test the constitutionality of chapter 19, Title 19, S.L. 1947, p. 217, O.S. 1941, Cum. Supp. 1947, Title 19, chapter 20, providing for the organization and functioning of sewer improvement districts, in certain cases, and to test the validity of the proceedings under said law in connection with the organization of sewer improvement district No. 1, Tulsa county. From the record it appears that after the passage of the above act a petition praying for the creation of the sewer district was filed with the board of county commissioners of Tulsa county; that a day for hearing the petition was fixed and notice given, and by proceedings in an attempt to comply with the law a sewer district was organized and bonds voted for the construction of the main or public sewer line. This action was brought to enjoin the issuance of bonds and the construction of the sewer. The case was tried on the pleadings and a stipulation of facts entered into by the parties. The trial court upheld the constitutionality of the act, and the formation of the sewer district. Plaintiffs appeal.

Plaintiffs in their petition state twelve objections to the law and the proceedings had thereunder. Two were decided in their favor by the district court, and defendants have not appealed, so that it is unnecessary to consider those objections. Although the case could be determined without considering all the objections urged, the matter is one of public interest, the act has never been construed by this court, and we therefore feel that it is proper to dispose of all objections made by plaintiffs.

The first contention of plaintiffs is that the law is violative of section 26, art. 10 of the Constitution, in that it authorizes the district to incur a debt in excess of five percentum of the valuation of the taxable property therein. It is stipulated by the parties that the cost of the public sewer, and the amount of the bonds issued to finance its construction, will exceed five percentum of the valuation of the taxable property in the district. Defendants assert, however, that the district is not within the restrictions of section 26, art. 10, for the reason that it is not a political corporation or subdivision of the state as those terms are used in section 26. They rely upon the application of the rule of ejusdem generis followed by this court in Sheldon v. Grand River Dam Authority, 182 Okla. 24, 76 P. 2d 355.

A careful study of the act convinces us that the district is not such a political subdivision or corporation as those terms are used in section 26, and that therefore the district does not fall within the class affected by that section. We agree with plaintiffs that the bonds when issued will evidence a debt of the district. Nitsche v. State Security Bank, 69 Okla. 37, 170 P. 234; City of Sapulpa v. Land, 101 Okla. 22, 223

P. 640, 35 A.L.R. 872. But a reading of the act herein involved clearly discloses that the sewer improvement districts therein provided for are not organized for political or governmental purposes and do not possess political or governmental powers other than those necessary to carry out the specific purposes for which they are created. They are in no sense additions to or agencies in aid of the general government of the state, or in the aid of any governmental agencies or functions, but are purely for the purpose of promoting the welfare and benefit of the inhabitants of that particular district. They are in the same class in that respect as the levees, drains, ditches and irrigation systems, which by article 16, sec. 3 of the Constitution, the Legislature is authorized to provide, and while specific authority to provide for sewer districts is not granted by said section, authority to do so is granted by the broad terms of article 5, sec. 36 of the Constitution. Plaintiffs point out that in some states, especially Texas, irrigation, levees, and improvement districts, as well as drainage districts, are political subdivisions of the state, but examination of the authorities cited, Jones v. Jefferson County Drainage District (Tex. Civ. App.) 139 S.W. 2d 861, and Willacy County Water Control and Imp. District v. Abendroth, 142 Tex. 320, 177 S.W. 2d 936, discloses that such districts are expressly decreed to be political corporations by the Constitution and laws of that state. We have no such provision in our Constitution, and we think that the classes enumerated in article 10, sec. 26, do not include improvement districts of this nature. We conclude that the act is not violative of article 10, sec. 26.

Plaintiffs urge that the act is violative of article 12a, section 1, of the Constitution, which exempts homesteads from taxation; that in permitting the assessment of the lands at a greater valuation for sewer purposes than for general purposes it is contrary to section 5, art. 10, of the Constitution, and that if the bonds authorized are general obligation bonds the district is permitted to levy assessments against the property therein until all bonds are paid, thus requiring plaintiffs and others similarly situated to pay assessments levied against other property in the district if not paid by the owners thereof, which constitutes a taking of their property without due process. Since all these objections involve the nature of the tax or assessment authorized by the act to be levied against the district, they may all be considered together. As we view the act the assessments therein provided for are not ad valorem taxes in the strict sense of the word, but are special assessments levied against the property of the district upon the theory that all of such property will be equally benefited by the construction of the public sewer.

The act provides that the expense of the public sewer, that is, the main or trunk lines of the sewer system, shall be borne by the entire district, and the cost of subdistricts or private lines shall be paid by those directly benefited thereby. The attack in the instant case is upon that portion of the act providing for the public or main sewer system. We think the assessments involved in connection with the construction of the public sewer are in essence special assessments, although they may be levied annually upon valuations fixed by the assessor as equalized pursuant to the provisions of the act in excess of valuations provided for the levy of ad valorem taxes, and although they may be levied against all the properties in the district subject to taxation until all bonds have been paid.

In 51 Am. Jur. p. 55, section 28, it is stated that the nature or character of the particular tax must be determined by its operation, practical results and incidents, and by the natural and legal effect of the language employed in the statute or law imposing it. When so construed it is evident that the assessments provided by the law herein involved are special assessments. They are imposed, in so far as the cost of the public sewer

is concerned, upon all the lands in the district, upon the assumption that all such lands will be equally benefited thereby. They continue only for such time as is necessary to retire the bonded indebtedness incurred in constructing the improvement. They are levied only against the lands so benefited. The fact that they are collected upon a yearly basis and that the assessment thereof is based annually upon the value of the property does not change their status as special assessments. In effect, the sum necessary to retire the bonds is a special assessment against all the lands in the district.

In Sovereign Camp W. O. W. v. Lake Worth Inlet District, 119 Fla. 782, 161 So. 717, 99 A.L.R. 1482, such assessments are characterized as follows:

"While the tax levies authorized for Lake Worth inlet district are special assessments for benefits levied in the form of taxes computed on an ad valorem basis, which manner of levy does not alter or destroy their character as such (Richardson v. Hardee, 85 Fla. 510, 96 So. 290; Martin v. Dade Muck Land Co., 95 Fla. 530, 116 So. 449; Lainhart v. Catts, 73 Fla. 735, 75 So. 47), they are nonetheless special assessments for unapportioned benefits that are common and general to the Lake Worth inlet district as a whole (Jenkins v. Entzminger, 102 Fla. 167, 135 So. 785). Therefore, while limited to the aggregate value or total amount of the special district benefits conferred on properties situate in the district (Moran v. State ex rel. Montgomery, 111 Fla. 429, 149 So. 477), such ultimate limitation has reference to the total of the benefits that may be lawfully assessed as the resulting unapportioned benefit common and general to all of the property in the district considered as a whole, rather than to the benefits specially apportionable to the individual parcels of property therein situated, as was the case in Moran v. State ex rel. Montgomery, supra."

The method of apportionment and the rule to be followed is a matter resting in the discretion of the Legislature. 48 Am. Jur. p. 610, §57; Hancock v. Mus-

kogee, 250 U.S. 454, 63 L. Ed. 1081, 39 S. Ct. 528. That the taxes are not ad valorem taxes as that term is used in the Constitution in connection with the exempting of homesteads is reasonably apparent. That the Legislature in enacting the law did not consider the assessments ad valorem taxes is shown by the fact that in section 20 thereof it provided that all such assessments should be a lien against the property "co-equal with the lien of ad valorem taxes, and all other taxes."

Nor does the fact that the law makes all the land in the district liable for assessments until the public sewer is paid for, render it unconstitutional as the taking of property without due process. In 48 Am. Jur. p. 606. §51, it is stated that the general rule is that such liability so imposed does not render the act unconstitutional. Cases containing well reasoned discussion of the reason for the enactment of such provisions, and holding them constitutional, are Noble v. Yancey, 116 Ore. 356, 241 P. 335, 42 A.L.R. 1178, and American Securities Co. v. Forward, 220 Cal. 566, 32 P. 2d 343, 96 A.L.R. 1268. The law provides for the collection of all assessments by the county treasurer at the same time and in the same manner as all other taxes are collected, and each tract within the district would thus bear its proportionate part of the burden.

It follows that the law is not subject to the constitutional objections urged by plaintiffs.

Coming now to the objections made by plaintiffs to the procedure followed in the organization of the district and the voting of the bonds, their first contention is that only qualified taxpaying voters of the district were permitted to vote at the election authorizing the bond issue, while the law provides that all electors may vote. Since it is stipulated that all the electors in the district were taxpayers we do not consider this fatal, although the law does require that all electors be permitted to vote, and since we are holding the pro-

ceeding invalid, we assume that at the next election the law will be followed.

Plaintiffs' next objection is that the petition for the organization of the sewer district was not published as required by law, but that instead a notice containing the substance of the petition was published. Section 2 of the act plainly provides that "such petition shall be filed with the county clerk and shall be published for at least two weeks before the time at which the same is to be presented, in some newspaper printed and published in the county where the petition is presented, together with a notice stating the time when the petition will be presented to the board of county commissioners, and that all persons interested may appear and be heard." That section also provides that the petition when filed must be accompanied by a map of the proposed district, but does not require the publication of said map. Defendants seek to excuse the publication of the petition on the ground that in the stipulation of the facts it is agreed that the publication of the petition and map would cost several hundred dollars. They contend that the publication of the notice is a substantial compliance with the statute. The form of the notice is a matter left to the discretion of the Legislature, and in the law herein involved it has stated in plain and unambiguous language what that form shall be. We have many times held that where the language of a statute is plain and unambiguous there is no room for construction thereof, and that the courts may not search for its meaning beyond the statute itself, but will give it the meaning intended by the Legislature. Board of Equalization v. Bonner, 185 Okla. 431, 93 P. 2d 1077; Cities Service Oil Co. v. Oklahoma Tax Commission, 191 Okla. 303, 129 P. 2d 597. Since the law clearly and unequivocally requires the publication of the petition, we think such publication a prerequisite to the valid organization of a sewer district under the law involved, and that the proceedings hereunder are, for that reason, invalid. A copy of the petition is not contained in the record, and we are unable to determine why it should require 25 pages of typewritten matter, but we may not hold that the mere fact that publication thereof would be expensive is sufficient to justify a disregard of the plain mandate of the Legislature. In re Assessment of Champlin Refining Co., 186 Okla. 625, 99 P. 2d 880.

The fourth and fifth objections urged by plaintiffs have been covered by our holding as to the constitutionality of the act. In their sixth objection they allege that defendants will present the bonds for approval to the county attorney and county clerk of Tulsa county, and to the Attorney General, as required by section 29, art. 10 of the Constitution. Since that section applies only to bonds or evidences of indebtedness of the state or some political subdivision thereof, our holding that the sewer district is not a political subdivision as that term is used in the Constitution renders such presentation unnecessary to the validity of the bonds. City of Lawton v. West, 33 Okla. 395, 126 P. 574.

Objection No. 7 is that the bonds are to be issued serially, the contention of plaintiffs being that the requirement of the law that "such bonds shall run for a period of from ten to twenty years as determined by the board of directors" requires that the bonds be issued so that none will mature in less than ten years from the date of issuance, but that all must mature within 20 years from the date of issuance. Defendants contend that the term "from ten to twenty years" refers to the maturity of the entire issue, and that there is nothing in the act to prevent them from issuing a part of the bonds to mature prior to the expiration of ten years from the date of issuance in order that they may be retired from year to year. We agree with defendants' construction of the statute, and hold that they may in their discretion provide for the retirement of the bonds serially, and in such installments as in their discretion they deem necessary. In this connection plaintiffs contend that the statute is void in that

it does not fix the manner in which said bonds are to be paid. But we think this was properly left to the discretion of the board of directors of the sewer district.

The remaining objections made by plaintiffs have been disposed of in our discussion of the constitutionality of the act. In conclusion, we hold that the act is constitutional and that bonds issued thereunder, where the terms of the statute providing the procedure for their issuance have been complied with, will be valid obligations against the lands embraced in the sewer district. Since that procedure was not followed in the instant case in the publishing of the petition as heretofore pointed out, there was not a compliance with the act, and the issuance of the bonds should have been enjoined by the district court.

Reversed, with directions to issue the injunction as prayed for by plaintiffs.

### On Rehearing.

LUTTRELL, J. In the original opinion in this cause, promulgated October 5, 1948, we held the proceeding for the organization of the sewer district invalid for the sole reason that the petition for the formation of the district was not published as provided by law, but in lieu thereof a notice containing the substance of the petition was published.

In their second petition for rehearing the defendants below, defendants in error here, call attention to House Bill No. 278 of the 22nd Legislature, amending the law to provide that notice shall be given by a notice containing the substance of the petition, and providing in section 10 thereof as follows:

"Any sewer improvement district heretofore created under the provisions of Chapter 19, Title 19, Session Laws 1947, in the organization of which the petition for the creation thereof was not published, but the substance thereof was included in a notice which was published for the hearing on the petition and which district has been authorized at an election held for such purpose is hereby validated, and such sewer improvement district shall be deemed validly created."

This bill, carrying an emergency clause, was duly passed by the Legislature, and was approved by the Governor on the 12th day of May, 1949. Defendants assert that the curative provisions of section 10 validated the notice given by them of the formation of the sewer district and removed the sole objection to the validity of the bonds. We agree with this contention.

In Chicago, R. I. & P. Ry. Co. v. Austin, 63 Okla. 169, 163 P. 517, we held that the Legislature could remove a defect on which a judgment proceeded, and that such curative act applied to pending proceedings. In that case, referring to curative acts of the Legislature, we said:

"In consideration of legislation of this character the important question to be considered in determining its validity and effect is to ascertain whether the acts which it attempted to validate would be effectual for the purposes intended if a valid law enacted prior to the doing thereof had directed that they be done as they were done. In such cases the authority of the Legislature to validate them thereafter is well established, and rights predicated upon such curable defects are not deemed meritorious nor entitled to the protection ordinarily accorded to vested rights. 2 Lewis' Sutherland, Stat. Const. 1232."

Since the judgment of the lower court held the bond issue valid and the proceeding on appeal is still pending, we hold that the provisions of section 10, supra, removed the sole defect in the proceeding and validated the organization of the sewer improvement district. It follows that the judgment of the trial court should be affirmed.

Affirmed.

DAVISON, C.J., ARNOLD, V.C.J., and WELCH, GIBSON, HALLEY, and JOHNSON, JJ., concur.