Application of OKLAHOMA COUNTY
SEWER IMPROVEMENT
DIST. NO. 4.

No. 35003.     March 13, 1951.

*228 P. 2d 999.*

Embry, Johnson, Crowe, Tolbert & Shelton, Calvin Boxley, and George J. Fagin, Oklahoma City, for applicant, Oklahoma County Sewer Improvement District No. 4.

LUTTRELL, V.C.J. This is an application for approval of bonds for Oklahoma county sewer improvement district No. 4, filed in this court in accordance wiht the provisions of S. L. 1947, Title 19, ch. 19, O. S. Supp. 1947, Title 19, sections 871 et seq., as amended by ch. 22, Title 19, S. L. 1949, Title 19, sections 871 et seq., O. S. Supp. 1949. Notice of a hearing to be held in this court upon said application was given as required by law, and no protests were filed, and no one appeared at the hearing to oppose the granting of the application and approval of the bonds. Since, in Armstrong v. Sewer Improvement District No. 1, 201 Okla. 531, 199 P. 2d 1012, we held the law

constitutional, the only question presented to this court is whether the district was organized, and the issuance of the bonds authorized, in accordance with the provisions of the statute.

A complete transcript of the proceedings whereby the sewer district was organized and the bonds authorized was filed with the application, and we have carefully examined this record. Therefrom it appears that a petition to create and establish Oklahoma county sewer improvement district No. 4, covering certain lands in section 29, township 12 north, range 2 west, in the form required by law, and signed by a majority of the property owners in said district, was filed with the board of county commissioners of Oklahoma county on April 4, 1950. Attached to the petition was a map of the proposed sewer improvement district, and a bond to defray the preliminary expenses was also filed, all as required by law. Notice of the hearing upon said petition was duly given by the board of county commissioners, and no protests were filed against the establishing of the sewer district, nor did anyone appear at the hearing to oppose the petition, and thereupon the board of county commissioners made an order establishing the district, and providing for an election to be held for the purpose of determining whether or not the district should be organized At the election, duly held as required by law after due notice, all the votes cast were affirmative or in favor of the organization of the sewer district, and the board of county commissioners approved the result, made its final order organizing the district, and appointed three directors.

The record shows that after the directors were appointed, they, by proper resolution, formulated a general plan of proposed operation, estimated the cost of construction work, determined the amount of money necessary to be raised, and called a special election to submit to the electors in said district the question of whether bonds in the requisite amount should be issued; that such election was duly held and all votes cast were in favor of the issuance of the bonds, and that pursuant to the election the board of directors provided for the issuance of the bonds and assessments against the property for the payment thereof.

From the record submitted it appears that the said sewer district was properly and legally created, and the proposed bond issue properly and legally authorized, and therefore this court approves the issuance of the bonds as it is authorized to do by the law above referred to.

The court hereby fixes the period of 15 days within which a petition for rehearing may be filed.

ARNOLD, C.J., and WELCH, CORN, DAVISON, HALLEY, and O'NEAL, JJ., concur.