** Summary ** CHEROKEE TRIBE NOT MUNICIPALITY The Cherokee Tribe of Oklahoma is not a municipality, as defined by Title 3 O.S. 82 [3-82](1) (1971), and therefore, is not eligible for financial aid and assistance under Title 3 O.S. 85 [3-85](g)(2) (1971). The Attorney General has considered your request for an opinion where you ask, in effect, the following question: "Is the Cherokee Tribe of Oklahoma a 'municipality,' as defined by Title 3 O.S. 82 [3-82](1) (1971), and therefore, eligible for financial aid and assistance under Title 3 O.S. 85 [3-85](g)(2) (1971)?" Title 3 O.S. 85 [3-85](g)(2) provides: "The Commission may render financial assistance by grant or loan or both to any municipality or municipalities acting jointly in the planning, acquisition, construction, improvement, maintenance, or operation of an airport owned, controlled, or to be owned or controlled, by such municipality or municipalities, out of appropriations or other monies made available by the Legislature for such purposes. Such financial assistance may be furnished in connection with federal or other financial aid for the same purposes." Title 3 O.S. 82 [3-82](I) (1971) states: " 'Municipality' means any incorporated city, village, or town of this State and any county or political subdivision or district in this State which is, or may be, authorized by law to acquire, establish, construct, maintain, improve, and operate airports, airstrips, and aeronautical and navigation facilities." Article X, Section 26, Oklahoma Constitution, states in part: "Except as herein otherwise provided, no county, city, town, township, school district, or other political corporation, or subdivision of the State, . . . ." In Joint School District No. 132, et al . v. Dabney, 127 Okl. 234, 260 P. 486
(1927), the Court stated in Syllabus 1: ". . .The term " municipality " as used in the title of said act, and the term 'municipal corporation,' as used in Section 1 thereof, apply to every kind and character of public corporations which are created by statute or the Constitution of this State, and which are dependent for their support and maintenance from taxes imposed and collected." The Court went on to hold that a school district is a municipal corporation. A water conservancy district was held to not be a county, city, town, township, school district, or other political corporation, or subdivision of the State. See Bridall v. Cottonwood Creek Conversary District No. 11 in Logan County, Kingfisher County and Canadian County, Oklahoma, Okl.,405 P.2d 17 (1965). A housing authority has been held to not be a political corporation or subdivision of the State. See Boardman v. Oklahoma City Housing Authority, Okl.,445 P.2d 412 (1968). A sewer improvement district has been held to not be a political corporation or subdivision of the State. See Armstrong v. Sewer Improvement District No. 1, Tulsa County, 201 Okl. 531, 199 P.2d 1012 (1948). As seen in the above cited authority, the term "municipality" does not include the Cherokee Tribe for the reason that the Cherokee Tribe is not a county, city, town, township, school district, or other political corporation or subdivision of the State, and therefore, would not be eligible for financial assistance under Title 3 O.S. 85 [3-85](g)(2) (1971). It is, therefore, the opinion of the Attorney General that your question be answered in the negative in that the Cherokee Tribe of Oklahoma is not a municipality, as defined by Title 3 O.S. 82 [3-82](1) (1971), and therefore, is not eligible for financial aid and assistance under Title 3 O.S. 85 [3-85](g)(2) (1971). (Todd Markum)