STATE TREASURER — UNIT COLLATERAL SYSTEM
The State Treasurer is not authorized under the terms of the Unit Collateral System, 62 O.S. 516.1 [62-516.1] through 62 O.S. 516.10 [62-516.10] (1971), to accept a pledge of securities in favor of the Arbuckle Master Conservancy District. The Attorney General has considered your request for an opinion, wherein, in essence, you ask the following question: Is the State Treasurer authorized under the terms of the Unit Collateral System, 62 O.S. 516.1 [62-516.1] through 62 O.S. 516.10 [62-516.10] [62-516.10] (1971), to accept a pledge of securities in favor of the Arbuckle Master Conservancy District ? "The Arbuckle Master Conservancy District was formed under the provisions of the 'Conservancy Act of Oklahoma' as found in 82 O.S. 531 [82-531] — 82 O.S. 688.1 [82-688.1]." Attorney General's Opinion 71-121. The authority for the Arbuckle Master Conservancy District continues under 82 O.S. 1971, 531-688.1 [82-531] — [82-688.1], as the Conservancy District Act, 82 O.S. 1971, 1501-101 [82-1501-101] through 1501-808 [82-1501-808], as indicated in its title, do not repeal or purport to limit the authority of other agencies such as those created under the Conservancy Act of Oklahoma. The pertinent statutes, of the Unit Collateral System, which concern your question are 62 O.S. 516.1 [62-516.1] (1971), 62 O.S. 516.2 [62-516.2] (1971), and 62 O.S. 516.3 [62-516.3] [62-516.3] (1971). Title 62 O.S. 516.1 [62-516.1] (1971) states in part: "The provisions of this Act shall be cumulative with all existing laws governing the deposit of public funds of the State of Oklahoma, and of the several counties, cities, towns, and boards of education of independent school districts therein. . . ." (Emphasis added) Title 62 O.S. 516.2 [62-516.2] (1971) states in part: "Any bank or trust company in the State of Oklahoma, which has been designated as a depository for State and/or County Funds, as by law provided, may elect if it so desire, but it may not be so required, to make a unit collateral pledge running to the State of Oklahoma, by which the collateral securities named, offered and accepted, may serve to protect and secure county, city, town, and board of education funds on deposit in such bank, in the manner hereinafter provided. . . . "The State Depository Board consisting of the Governor, Attorney General, and State Treasurer, for the purpose of this Act, two of whom shall constitute a quorum for such purpose, is hereby authorized to consider, in relation to the terms and conditions of this Act, the collateral securities offered and the offer to pledge, and, if proper, to accept and approve the same in the name of the State of Oklahoma for the use and benefit of the several municipal and governmental subdivisions as may be named. . . ." (Emphasis added) Title 62 O.S. 516.3 [62-516.3] (1971) states in part: "The class and character of collateral securities that may be pledged and taken, for the purposes of this Act, to secure the deposit of public funds in excess of the amount or amounts insured by the Federal Deposit Insurance Corporation, shall be limited and restricted to negotiable instruments, payable to bearer, as follows: (a) United States Bonds, Treasury Notes or Certificates, or bonds or certificates payable by the Treasurer of the United States issued by an agency of the United States under authority of Act of Congress and only where full faith and credit of the United States is pledged in payment thereof; (b) State of Oklahoma Bonds, Treasury Notes or Treasury Certificates, or bonds or certificates payable by the Treasurer of the State of Oklahoma issued by an agency of the State of Oklahoma pursuant to an Act of the Legislature and only where the full faith and credit of State is pledged to the payment thereof; (c) Bonds issued by and county in the State of Oklahoma; (d) Bonds issued by any school district or board of education in any county in the State of Oklahoma; (e) Bonds issued by any city or town in the State of Oklahoma only where pledge of ad valorem levy appears in the face of such bonds to assure payment thereof. . . ." (Emphasis added) The pertinent sections of Title 82 dealing with conservancy districts are 82 O.S. 541 [82-541] and 82 O.S. 545 [82-545]. 82 O.S. 541 [82-541] (1971) states in part: "There is hereby authorized the formation of conservancy districts within the State. Each district shall be designated as a 'Conservancy District' or 'Master Conservancy District' and such districts shall not be political corporations or subdivisions of the State . . ." (Emphasis added) Title 82 O.S. 545 [82-545] (1971) states in part: ". . . The district shall be a body corporate with all the powers of a corporation, shall have perpetual existence, with power to sue and be sued to the same extent as an individual in cases, and incur debts, liabilities, and obligations, to exercise the right of eminent domain and of taxation and assessment as herein provided; to issue bonds and to do and perform all acts herein expressly authorized and all acts necessary and proper for the carrying out for the purpose for which the district was created, and for executing the powers with which it is invested." The classes of collateral securities which the State Treasurer is authorized to accept are expressed in 82 O.S. 516.3 [82-516.3] (1971) (supra). The crucial question is whether the Arbuckle Master Conservancy District is such an entity as would fall within the classes of entities for whom pledges of securities such as bonds may be accepted under the unit collateral system. Title 62 O.S. 516.1 [62-516.1] (1971) (supra) stated that the unit collateral system was to be cumulative with laws governing the deposit of public funds of the State of Oklahoma and also the funds of the counties, cities, towns and boards of education of independent school districts. Title 62 O.S. 516.2 [62-516.2] (1971) (supra) indicates that the collateral securities offered and accepted may serve to protect and secure county, city, town and boards of education funds. In the same statute it was indicated that the State Depository Board may accept such securities for the benefit of the "several municipalities and governmental subdivisions thereof as may be named." 62 O.S. 516.3 [62-516.3] (1971) (supra) indicated that collateral securities that may be pledged would be limited to bonds or treasury notes issued by an agency of the United States Government, State of Oklahoma bonds or treasury notes issued by a State agency, county bonds, school district or board of education bonds, and bonds issued by cities and towns. Under the rule of statutory construction announced in McVicker v. Board of County Commissioners of Caddo County, 442 P.2d 279 (1966), if the wording of a provision is plain, clear, and unambiguous, its evident meaning must be accepted and there is no justification for the use of interpretative devices to fabricate a different meaning. The classes of entities for which securities may be pledged and the classes of securities which may be accepted are clear under the Unit Collateral System statute, supra. The Arbuckle Master ConServancy District must fall within these classes in order for the State Treasurer to be authorized to accept the proposed pledge of securities. It was the opinion of the Attorney General in Opinion No. 71-121, that the Arbuckle Master Conservancy District was not a political subdivision of the State of Oklahoma, based upon a construction of 82 O.S. 541 [82-541] and 82 O.S. 545 [82-545]. Also, in Bridal v. Cotton Creek Conservancy District No. 11,405 P.2d 17 (1965), the Court held, in considering whether Oklahoma Constitution, Article X, Section 26 applied to a conservancy district as follows: "Article X, Section 26, supra, applies, by its own terms, to, a '. . . county, city, town, township, school district, or other political corporation, or subdivision of the State, . . . A water conservancy district is none of these." The Court later stated in considering the character of conservancy districts: ". . . We agree with the proponents that our statements therein (Armstrong v. Sewer Improvement District, 199 P.2d 1012) as to the character of sewer improvement districts apply similarly to conservancy districts. There we said, 'But a reading of the Act herein clearly discloses that sewer improvement districts therein provided for are not organized for political or governmental purposes and do not possess political or governmental powers other than those necessary to carry out the specific purposes for which they are created. They are in no sense additions or agencies in aid of the general government of the State or in aid of any governmental agencies or functions, but are purely for the purpose of promoting the welfare and benefit of the inhabitants of that district . . ." (Emphasis added) From the above it is evident that the Arbuckle Master Conservancy District is not such a governmental entity as is enumerated in 82 O.S. 516.1 [82-516.1], 516.2 and 516.3 under the Unit Collateral System. It is, therefore, the opinion of the Attorney General that your question must be answered in the negative. The State Treasurer is not authorized under the terms of the Unit Collateral System, 62 O.S. 516.1 [62-516.1] through 62 O.S. 516.10 [62-516.10], to accept a pledge of securities in favor of the Arbuckle Master Conservancy District. (Odie A. Nance)