The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: Under 19 O.S. 901.1 [19-901.1] et seq. (1971), authorizing the establishment of Fire Protection Districts, is the millage which is assessed for the support of the district computed before or after the homestead exemption is claimed? Title 19 O.S. 901.19 [19-901.19] (1979), provides in pertinent part: "The board shall also levy an annual assessment sufficient to care for the cost of operation of the district and the maintenance of the fire department and its equipment, and for payment of salaries of the officers and employees of the district, provided, that no such annual assessment for operation, maintenance, and salaries shall exceed seven (7) mills on the dollar of assessed value of the property in the district. All assessments levied under the authority of 19 O.S. 901.1 [19-901.1] through 19 O.S. 901.26 [19-901.26], shall be a lien against the tract of land on which they have been levied, until paid, and said lien shall be coequal with the lien of ad valorem and other taxes, including special assessments, and prior and superior to all other liens." Oklahoma Constitution, Article XIIa, Section 1, provides in pertinent part: "All homesteads as is or may be defined under the Laws of the State of Oklahoma for tax exemption purposes, may hereafter be exempted from all forms of ad valorem taxation by the Legislature." Title 68 O.S. 2704 [68-2704] (1971), provides that each homestead in the State shall be exempted from all forms of ad valorem taxation to the extent of $1,000.00 of the assessed valuation thereof. Thus, in order for the homestead exemption to be claimed before computing the millage, the assessments levied must be a form of ad valorem taxation. A similar question was addressed in Armstrong v. Sewer Improvement District No. 1, 201 Okl. 531, 199 P.2d 1012 (1948), an action challenging, inter alia, the validity of assessing homesteads for the establishment and maintenance of sewer improvement districts. In the second paragraph of the syllabus, the Court stated in part: "Assessments levied on an ad valorem basis on property in a sewer improvement district organized under the above law are special assessments for benefits that are common and general to the district as a whole, and are not ad valorem taxes. The homestead exemption provided by Article XIIa, Section 1 of the Constitution does not prohibit the levy of such assessments against homesteads within the sewer improvement district." (Emphasis added) Based upon the Armstrong case, supra, an Attorney General's Opinion issued to the Honorable John M. Rogers on August 3, 1962, held that assessments levied under 19 O.S. 901.1 [19-901.1] to 19 O.S. 901.25 [19-901.25], providing for organization and maintenance of Fire Protection Districts, are not ad valorem taxes subject to the various limitations placed upon same. It is, therefore, the official opinion of the Attorney General that the millage assessed under 19 O.S. 901.19 [19-901.19] (1979), for the support of fire protection districts shall be computed on the assessed valuation of the real property without being reduced by homestead exemption as such assessment is not a form of ad valorem taxation subject to the limitations of Article XIIa, Section 1, of the Oklahoma Constitution. (PATRICIA R. DEMPS) (ksg)