Dear Honorable Taylor,
The Attorney General has received your request for an official opinion asking, in effect:
 Do the provisions of the Governmental Tort Claims Act, 51 O.S. 151 et seq. (1985), apply to Rural Water, Sewer, Gas and Solid Waste Management Districts organized and operated pursuant to 82 O.S. 1324.1 et seq. (1981)?
Under the terms of the Oklahoma Rural Water, Sewer, Gas and Solid Waste Management Districts Act, codified as 82 O.S. 1324.1 et seq. (1981), public nonprofit rural water districts, public nonprofit rural sewer districts, public nonprofit natural gas distribution districts, and public nonprofit rural solid waste management districts may be organized for the purpose of developing and providing an adequate rural water supply, natural gas distribution facilities, sewage disposal facilities and solid waste management systems to serve and meet the needs of rural residents of the districts. 82 O.S. 1324.3 (1981). These districts are created through a petition tendered by at least two owners of land, followed by a hearing and factual determination as to the eligibility, by the board of county commissioners governing the county in which the district is proposed. See, 82 O.S. 1324.4 — 82 O.S. 1324.6 (1981).
If all statutory requisites as to eligibility for such status are found complied with, the board of county commissioners in question is required to declare the lands at issue incorporated as a district according to a specified statutory format and, "thereupon the district shall be a body politic and corporate and an agency and legally constituted authority ofthe State of Oklahoma" for the public purposes set forth in 82 O.S.1324.6 (1981).
Whether these districts come within the purview of the Governmental Tort Claims Act depends upon whether they are contemplated for coverage in the relevant statutes contained therein. In this regard, 51 O.S.153(A) (1985) provides that the State or a political subdivision thereof shall be liable for loss resulting from its torts or the torts of its employees acting within the scope of the employment, subject to the limitations and exceptions specified in the Act. The term "state," as used in the Act, is defined thusly:
 "`State' means the State of Oklahoma or any
office, department, agency, authority, commission, board, institution, hospital, college, university, or other instrumentality thereof." 51 O.S. 152(10) (1985) (Emphasis added).
The legal nature of these districts has been reviewed on several occasions by the Oklahoma Supreme Court and the Attorney General with regard to other issues. The Attorney General has advised that the rural water districts are not political subdivisions of the State, but are "districts" thereof, for purposes of federal disaster relief. A.G. Opin. No. 71-164. They have also been deemed "instrumentalities" of the State with reference to coverage under the Employment Security Act. A.G. Opin. No. 78-205.
In 1948, the Supreme Court viewed these entities to determine whether the provisions of Article X, Section 26 of the Constitution, prohibiting the incurrence of future debt absent the fulfillment of several preliminary steps, were applicable to them. In so doing, the Court stated:
 "But a reading of the Act herein involved clearly discloses that the sewer improvement districts therein provided for are not organized for political or governmental purposes and do not possess political or governmental powers other than those necessary to carry out the specific purposes for which they are created. They are in no sense additions to or agencies in aid of the general government of the state, or in the aid of any governmental agencies or functions, but are purely for the purpose of promoting the welfare and benefit of the inhabitants of that particular district." Armstrong v. Sewer Improvement District No. 1, Tulsa County, 199 P.2d 1012, 1014 (Okla. 1948).
More recently, in Public Service Company of Oklahoma v. Northwest RogersCounty Fire Protection District, 675 P.2d 134 (Okla. 1984) (as corrected on rehearing), the Court, in dicta, compared these districts to fire protection districts and reaffirmed that such special interest entities, at least absent special constitutional or statutory status being conferred on them, are not county governmental units nor state governmental units. Rather, such districts are a form of legal public government not directly an organ of the state or its political subdivisions.
That dicta was based expressly upon the Court's 1948 ruling inArmstrong, supra. See, Public Service Company, supra, at 136-37. However, as to the type of districts at issue in this opinion request, the Legislature has amended the act governing their organization and authority, and expressly declared them to be "agencies" of the State.See, 82 O.S. 1324.6 (1981). This language did not appear in the Act at the time of the Armstrong opinion.
This statutory change evidences clear legislative intent to bring these Districts into the fold as "agencies" of the State. See, e.g., Irwin v.Irwin, 433 P.2d 931, 939 (Okla. 1965). Whether these entities are also state entities for coverage under other statutory acts that may be applicable is not addressed here.
It is, therefore, the official opinion of the Attorney General that theprovisions of the Governmental Tort Claims Act, 51 O.S. 151 et seq.(1985), apply to Rural Water, Sewer, Gas and Solid Waste ManagementDistricts organized and operated pursuant to the terms of 82 O.S. 1324.1et seq. (1981).
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
MICHAEL SCOTT FERN, ASSISTANT ATTORNEY GENERAL DEPUTY CHIEF, TORT DEFENSE DIVISION