Dear Secretary Sharp,
¶ 0 The Attorney General has received the Commissioners' letter asking for an official opinion addressing the following question:
 May the Commissioners of the Land Office invest in the obligations of the Oklahoma Development Finance Authority?
¶ 1 Your question concerns the Commissioners' authority to make investments with the funds in the permanent common school fund. This fund is created by Oklahoma Constitution Article XI, Section2 for the use and benefit of the common schools of the State of Oklahoma. The invest ment of these funds is governed primarily by Oklahoma Constitution Article XI, Section 6 and 64 O.S. 51
(1988). The Oklahoma Constitution designates such funds originally derived from grants by the federal government as a "sacred trust." Okla. Const. Article XI, Section 1; OEA v.Nigh, 642 P.2d 230, 236 (Okla. 1982). Both the constitutional provision and the statute authorize these funds to be invested in, among other things, "Oklahoma State Bonds."
¶ 2 Your question specifically asks whether the Commissioners of the Land Office may invest in bonds issued by the Oklahoma Development Finance Authority. In 1988 the people of the State of Oklahoma adopted Oklahoma Constitution Article X, Section 42. This provision of the Constitution authorizes the Oklahoma Development Finance Authority (ODFA) to issue general obligation bonds in an amount not to exceed One Hundred Million Dollars "for the purpose of providing an economic development credit enhancement reserve fund for the Authority." The fund may only be used to secure the payment of other obligations issued by the Authority. The Legislature is obligated to provide appropriations to pay principal and interest of any general obligation bonds issued pursuant to this section.
¶ 3 Rather than creating a new agency, the Oklahoma Legislature authorized a state public trust "to become the Oklahoma Development Finance Authority." 74 O.S. 5062.2(C) (1988). A State public trust previously known as the Oklahoma Development Authority opted to become the Oklahoma Development Finance Authority in 1987. This change was approved by the District Court of Oklahoma County in 1988. See, Branch v. State, Case No. CJ-88-982, "Journal Entry of Judgment" (D.C. Okla. Cnty., Feb. 3, 1988).
¶ 4 While the Oklahoma Development Authority became the Oklahoma Development Finance Authority it still maintained its separate existence as a public trust created pursuant to 60 O.S.176 (1981) et seq. The Oklahoma Development Finance Authority has several statutory powers and duties under Oklahoma law, but it maintains its trust status and is therefore a legal entity separate and apart from its beneficiary (the State of Oklahoma).State ex rel. Williamson v. Garrison, 348 P.2d 859 (Okla. 1960); A.G. Opin. No. 88-088.
¶ 5 The Oklahoma Development Finance Authority now has authority to issue two different types of bonds or debt obligations. The ODFA's primary bond-issuing authority is contained in 74 O.S. 5062.10 (1988). The bonds issued pursuant to this section are either revenue bonds or other special limited obligations of the Authority itself. This section of law specifically states that no obligation issued under that statute shall be a debt of the State of Oklahoma.
 Except as provided by the Credit Enhancement Reserve Fund Act, bonds issued pursuant to the provisions of this act shall never constitute an indebtedness of the state within the meaning of any state constitutional provision or a statutory limitation, but such bonds shall be indebtedness payable solely from sources indicated on the bond documents, and shall never constitute nor give rise to a pecuniary liability of this state or unspecified funds of the Authority or a charge against the general credit of the state or taxing powers of the state, and such fact shall be plainly stated on the face of each bond.
74 O.S. 5062.10(L) (1988).
¶ 6 Bonds of the Oklahoma Development Finance Authority issued pursuant to 74 O.S. 5062.10 are not bonds backed by the full faith and credit of the State of Oklahoma and are issued by a state trust which is a separate legal entity from the State of Oklahoma. The Commissioners of the Land Office may only invest in "Oklahoma State Bonds" pursuant to Okla. Const. Article XI, Section 6 and 64 O.S. 51 (1988).
¶ 7 The Oklahoma Attorney General has previously issued many opinions regarding lawful investments of the Commissioners. Attorney General Opin. No. 76-359 specifically dealt with what constituted a "United States bond" but its rationale and analysis are relevant here. The opinion referred to a 1946 Opinion of the Attorney General which discussed what the Constitution and statute meant by the term "bond." The Attorney General stated that a bond "refers to evidence of indebtedness issued by the United States, a State, or a governmental subdivision thereof." The Attorney General held that to constitute a "United States Bond," two conditions must be met. (1) The United States or one of its agencies must be the issuer of the security itself; not just a guarantor, and (2) the bond or obligation must be backed by the full faith and credit of the United States. The Oklahoma Supreme Court has adopted essentially the same two part test to determine if a particular type of bond is a "public security."City of Lawton v. West, 126 P. 574, 575 (Okla. 1912). The Court also held that the term "public security" was synonymous with the term "bond."
¶ 8 Using this two-part test referred to above, an "Oklahoma State bond" is a bond or evidence of indebtedness issued by the State of Oklahoma or one of its agencies, and must be backed by the full faith and credit of the State of Oklahoma. Therefore, the bonds issued pursuant to 74 O.S. 5062.10 are not lawful investments of the Commissioners of the Land Office. They are not issued by the State of Oklahoma directly or by one of its agencies and are not backed by the full faith and credit or taxing power of the State of Oklahoma.
¶ 9 The Oklahoma Development Finance Authority has been given statutory and constitutional authority to issue bonds on behalf of the State of Oklahoma. These bonds are known as "Credit Enhancement Reserve Fund General Obligation Bonds." These bonds may be issued in a total principal amount not to exceed One Hundred Million dollars. Oklahoma Constitution Article X, Section42; 74 O.S. 5063.11(A) (1989).
¶ 10 Such bonds are peculiar instruments. They are "general obligation bonds" carrying the full faith and credit of the State of Oklahoma. The authority to issue these bonds has been given to the ODFA which, as stated previously, is a state trust and a separate legal entity apart from the State of Oklahoma. It appears that the Legislature has authorized the ODFA not to issue these general obligation bonds themselves but to issue bonds on behalf of the State of Oklahoma as some sort of an agent. This interpretation is bolstered by the following statutory language of 74 O.S. 5063.11(A).
 The Oklahoma Development Finance Authority is hereby authorized to issue bonds of the State of Oklahoma, to be known as Credit Enhancement Reserve Fund General Obligation Bonds[.]
¶ 11 Credit Enhancement Reserve Fund Bonds are materially different than other bonds issued by or through the Oklahoma Development Finance Authority. The ODFA bonds issued under 74O.S. 5062.10 are special obligations of the ODFA payable from specific revenue sources other than tax sources. Bonds issued by the ODFA on behalf of the State of Oklahoma pursuant to 74 O.S.5063.11 are obligations of the State itself backed by the taxing authority of the State of Oklahoma. Using the two-part test stated above, the Commissioners of the Land Office may not invest in ODFA bonds issued pursuant to 74 O.S. 5062.10 (1988) since the issuer is not the State of Oklahoma itself and the bonds are not backed by the full faith and credit of the State of Oklahoma. The Commissioners of the Land Office may invest in Credit Enhancement Reserve Fund Bonds issued by the ODFA on behalf of the State of Oklahoma pursuant to 74 O.S. 5063.11 because they are issued in the name of the State of Oklahoma and are backed by the full faith and credit of the State of Oklahoma.
¶ 12 It is, therefore, the official opinion of the AttorneyGeneral that pursuant to Oklahoma Constitution Article XI,Section 6 and 64 O.S. 51 (1988), the Commissioners of theLand Office may invest the permanent common school fund in CreditEnhancement Reserve Fund General Obligation Bonds. These bondsare issued on behalf of the State of Oklahoma by the OklahomaDevelopment Finance Authority (ODFA) pursuant to 74 O.S.5063.11 (1989). They are "Oklahoma State bonds" because thebonds are issued in the name of the State of Oklahoma and arebacked by the full faith and credit of the State of Oklahoma. Thepermanent common school fund may not be invested in bonds of theODFA issued under the authority of 74 O.S. 5062.10 (1988)because the ODFA is a state public trust which is a separateentity apart from the State of Oklahoma and its bonds do notconstitute direct obligations of the State of Oklahoma.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
THOMAS L. SPENCER ASSISTANT ATTORNEY GENERAL